COLLIER *et al.*, executors, *vs.* SIMPSON *et al.*

When a homestead and exemption in bankruptcy was granted by the judge or register in the federal court, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof.

(*a.*) This case is controlled by that of *Ross, adm'r, vs. Worsham*, 65 *Ga.*, 624.

(*b.*) If application for homestead and exemption be made in land, the fact that a prior levy has been made will not prevent the grant

of the homestead or exemption in the property before sale, or from the proceeds in court after sale.

(*c.*) A mortgage to secure an attorney's fee contracted after the adoption of the constitution of 1868 was not a debt which would subject the homestead, even if the services were rendered in a case involving the removal of an incumbrance on the land.
March 17, 1885.

Bankruptcy.   Homestead.   Levy and Sale.   Mortgage. Attorney and Client.   Before Judge WILLIS.   Stewart Superior Court.   October Term, 1884.

A mortgage *fi. fa.* in favor of H. Fielder, transferred to W. A. Rawson, against Mary F. Simpson *et al.*, was levied on certain land, and she interposed an affidavit of illegality.   One ground of this was that the debt on which the mortgage was founded arose since 1868; that in 1875, defendant was adjudged a bankrupt; that the property levied on was set apart to her as an exemption by the assignee; and that she was discharged in 1876.

Plaintiffs demurred to this ground, because it did not allege that notice was given to Fielder of the proceedings in bankruptcy, or that the debt was not within the exceptions to the effect of the homestead law.   The demurrer was overruled.

The case was submitted to the presiding judge without a jury.   The following facts, in brief, appeared:   The bankruptcy, setting apart of exemption and discharge occurred as alleged in the affidavit.   The title to the land in controversy was originally in one Boynton, and Mrs. Simpson and her husband were in possession.   After the death of Boynton, his executors brought suit against them for the land and mesne profits.   Fielder and another were employed to defend the suit.   They filed a bill setting up a sale by Boynton of the land to Mrs. Simpson, as her separate estate, and the payment of the purchase money by her.   A decree was rendered in her favor.   At some point in the proceedings, one Kirksey was made her trustee. This mortgage was given in 1872 for the balance of the

fee due Fielder. It was foreclosed in 1873, and the *fi. fa.* was levied. In 1875, it was transferred to Rawson, who subsequently died, and the present holders are his executors.

The court sustained the illegality. Plaintiffs moved for a new trial, which was refused, and they excepted. .

. W. D. KIDDOO, for plaintiffs in error. .

T. D. HIGHTOWER, by W. H. HARRISON, for defendants.

JACKSON, Chief Justice.

On a careful examination of the numerous cases cited by the learned and able counsel for plaintiffs in error in the Georgia reports touching this question made by this record, we find ourselves unable to take the case at bar without the principle ruled in *Ross, administrator, vs. Worsham,* 65 *Ga.,* 624, decided by Judge Hall, now of this bench, as judge *pro hac vice* below, and affirmed unanimously by this court, the late Justice Crawford delivering the opinion. That principle is that when a homestead and exemption in the bankrupt court is granted by the judge or register, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof. In that case, as in this, the property had been levied on prior to the adjudication and discharge of the bankrupt, and the facts are almost, if not completely, the same as this record develops, and substantially they are the same.

It must be conceded that our reports show some *dicta* and perhaps one or two decisions on kindred points which might logically lead to a different result; but it is believed that principle, practical principle, must bring us to the affirmance of *Ross vs. Worsham* and the overruling of all *dicta,* and, if there be any, all decisions to the contrary. Why should the bankrupt go into the state court of ordinary to do what the bankrupt court was expressly em-

powered to do by the then bankrupt law? Notwithstanding levy, notwithstanding sale, homestead of realty and exemption of personalty could have been set apart by the ordinary in the thing levied on before sale, and in the money in court after sale. If, therefore, the principle be sound that the exemption by the judge or register in the bankrupt court be as efficacious as if made by the ordinary, the levy is not in the way; and, as in *Ross vs. Worsham*, the levy antedated the adjudication, and the principle was there ruled in the face of that fact, it can mean nothing less than that the exemption is good, and the judgment on a debt contracted after the constitution of 1868 cannot touch it unless it be for purchase money or removal of encumbrances or other exception in that constitution.

In this case, the debt is not such a one as comes up to removal of encumbrance in the sense of the constitution, but it is a mortgage to secure a fee contracted after the constitution of 1868, as was the debt in *Ross vs. Worsham;* and even if the services of the counsel were rendered in a case which involved the removal of an encumbrance on the land, those services are not the removal thereof in the sense of the constitution, as money advanced to remove it would be.

I must say for myself that I am not as clear in my conviction of the law of this case as I am usually in the opinions I write, because I cannot reconcile all the court has said on the subject to my own perfect satisfaction; but as the court below has so construed the law of this case, and as my brethren here agree with that court, and as I cannot take the case out of *Ross, administrator, vs. Worsham*, it is the best conclusion I can reach to hold the judgment below to be the law of the case.

Judgment affirmed.