### STROHECKER *vs.* IRVINE.

The lien of an attorney for services in successfully resisting a levy on a homestead, and obtaining it to be set apart as an exemption, is in the nature of labor done on the homestead and of purchase money thereof, and the homestead property is subject thereto.
May 1, 1886.

Attorney and Client. Homestead. Before Judge Simmons. Bibb Superior Court. October Term, 1885.

H. F. Strohecker foreclosed an attorney's lien against E. D. Irvine for services in obtaining a homestead to be set apart and in resisting a levy thereon. Execution was issued and levied on certain personal property described in the affidavit to foreclose the lien. Irvine interposed a

claim on behalf of his wife and child.   The case was sub-mitted to the presiding judge without a jury on an agreed statement of facts, to the effect that the fees for which the lien was foreclosed were for services rendered in having the homestead set apart, and in maintaining the applica-tion against a contest made upon it by creditors.

The presiding judge held that the property was not sub-ject, and the plaintiff excepted.

GUSTIN & HALL, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

The question here is, whether the lien of an attorney for services done and performed in defending a homestead against creditors and in preserving the same for the benefit of the beneficiaries therein is good and binding on the property so set apart?   We answer that it is.   It is in the nature of labor done and purchase money thereon.   Pub-lic policy demands this answer.   Without some security of this sort those who are entitled to homestead exemptions might entirely fail of their rights without the benefit of the services of a lawyer; these services in procuring the land are as sacred and important as the services of the carpenter in building the house thereon, and stand upon the like foot-ing of justice and equity.*

Judgment reversed.

*Contrast *Collier et al., ex'rs, vs. Simpson et al.*, 74 *Ga.*, 697.