## BRADSHAW *v.* VANVALKENBURG.

### (*Knoxville.*    September  28,  1896.)

1. BILLS AND NOTES.   *Bona fide holder of usurious note protected.*

    A *bona fide* purchaser, without notice, of a negotiable promissory note, is not affected by usury between the original parties. (*Post, pp. 317–320.*)

    Acts construed: Acts 1819, Ch. 32.

    Cases cited and approved: Ramsey *v.* Clark, 4 Hum., 246; Dews *v.* Eastham, 2 Yer., 462; Telford *v.* Sumner, 2 Yer., 255; May *v.* Campbell, 7 Hum., 450; Doak *v.* Snapp, 1 Cold., 183; Frazier *v.* Sypert, 2 Heis., 342; 29 L. R. A., 827.

    Cited and distinguished: Tait *v.* Hannum, 2 Yer., 350.

2. HUSBAND AND WIFE.   *Wife's power to disaffirm deed on account of infancy.*

    A wife may disaffirm her deed executed when she was both a *feme covert* and a minor.   (*Post, pp. 320–322.*)

    Case cited and approved: Walton *v.* Gaines, 94 Tenn., 422.

3. PLEADINGS.   *Essential.*

    It is a fundamental principle of law that proof without allegations will not sustain a decree.   (*Post, p. 322.*)

    Cases cited and approved: Furman *v.* North, 4 Bax., 298; Rogers *v.* Breen, 9 Heis., 679; Bank *v.* Ins. Co., 85 Tenn., 87.

4. SUBROGATION.   *Right of, does not exist, when.*

    The beneficiary under a deed of trust will not be subrogated to the rights of the mortgagee under a prior mortgage on the land, which was discharged with the proceeds of the loan secured by the deed of trust, as against the right of the wife of the grantor in the deed, who executed it with him, to disaffirm the same and recover her homestead because she was a minor when she executed and acknowledged the deed, where there was no agreement that the proceeds should be so applied, even if the mortgage discharged was a purchase-money mortgage. (*Post, pp. 321–323, 324, 325.*)

Bradshaw v. VanValkenburg.

Cases cited and approved: Owens v. Johnson, 8 Bax., 265; Durant v. Davis, 10 Heis., 522; Rogan v. Simpson, 10 Heis., 655; Gray v. Baird, 4 Lea, 212; Loftis v. Loftis, 94 Tenn., 244: Smith v. Neilson, 13 Lea, 461; Belcher v. Wickersham. 9 Bax., 111.

Cited and distinguished: Guinn v. Spurgin, 1 Lea, 228; Bentley v. Jordan, 3 Lea, 353; Byrns v. Woodward, 10 Lea, 444; Mul herrin v. Hill, 5 Heis., 58.

5. MARRIED WOMAN. *Disaffirmance of contract.*

A married woman who disaffirms her voidable contract and recovers back her property, will not be required to restore money paid or advanced thereon, not to herself personally, but to her husband or upon his debts, although she may be thereby indirectly benefited. (*Post, p. 323.*)

Cases cited and approved: Smith v. Evans, 5 Hum., 69; Pilcher v. Smith, 2 Head, 206; Aiken v. Suttle, 4 Lea, 103.

6. SUPREME COURT. *Takes facts as found by Court of Chancery Appeals.*

This Court takes the facts as found by the Court of Chancery Appeals, and will not go behind the finding of that Court in search of additional facts. (*Post, p. 324.*)

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

WERT & CROW and S. P. STOVER for Bradshaw.

J. E. VANVALKENBURG and PRITCHARD & SIZER for VanValkenburg.

WILKES, J. This bill was filed by Bradshaw and wife to enjoin the immediate sale of land under a

deed of trust executed by them, and to have an account of usury involved in the transaction. To it, as originally filed, VanValkenburg, the trustee, and the Georgia Loan & Trust Co., were made parties. They filed answers and denied the usury, and stated that the money was really loaned by one Wakeman, for whom the trustee and the Georgia company acted as agent. Complainants thereupon filed a supplemental bill, stating that they did not know Wakeman in the transaction, and he is asked to be made a party and required to answer as to the usury. This bill was answered, and Wakeman, with his answer, filed his cross bill, in which he stated that he was the owner and *bona fide* innocent holder of the notes, and knew nothing of the transaction between the original parties. He denied all usury, and asked that the deed of trust be foreclosed. Complainants answered the cross bill, and say, in substance, that the entrance of Wakeman into the litigation was but another device to obtain and cover up the usury.

An amended and supplemental answer was filed, in which it was alleged that Mrs. Bradshaw, the wife, was a minor when she executed and acknowledged the deed of trust, and had since become of age; that she was entitled to homestead in the land which then was being occupied by herself and husband as her home, and she sets up her right to homestead in the land as superior to the right of the mortgagee.

The Chancellor heard the case on this multitude

Bradshaw *v.* VanValkenburg.

of pleadings and the proof, and in the decree rendered by him it is recited that it was admitted, on the hearing, that the wife was a minor when the deed of trust was executed by her, and that complainants had no other real estate except that in controversy.   The decree further found the loan usurious as between the complainants and the Georgia Loan & Trust Co., but that John Wakeman was an innocent purchaser of the note, in due course of trade, for a valuable consideration, and without notice of any usury or equities in complainants' favor.   He decreed that the deed of trust be foreclosed, and gave decree in favor of Wakeman for the notes and interest and ten per cent. attorney's fees, and ordered the property sold under the deed of trust, for cash, in bar of any redemption or homestead.   The property was sold, and bought by Wakeman at $375, and the sale was confirmed.   The purchaser paid the costs into Court, and the net balance was credited on his judgment, and a writ of possession was awarded, and complainant appealed and assigned errors.   The cause has been heard by the Court of Chancery Appeals, and that Court held, that while there was usury in the original transaction, Wakeman could. not be affected thereby, inasmuch as he was an innocent holder of the notes without notice of the usury, which they found as a fact from the record.   Complainants appealed to this Court, and, among other things, assigned this holding as error.

It has been held by our Courts that usury may

be pleaded as against an innocent holder of negotiable paper. *Tait's Executors* v. *Hannum*, 2 Yer., 350. But this was under the Act of 1741, Ch. 11, which made all usurious contracts absolutely and entirely void, and prior to the Act of 1819, Ch. 32, and subsequent Acts, making usurious contracts voidable only for the usurious interest. Under the original Act of 1741, Ch. 11, a note tainted with usury was void, and stood upon the same footing as one given for a gambling consideration, as to which an innocent holder stood upon no higher ground than the original party. But after the Act of 1819, Ch. 32, a usurious contract was not utterly void, but void or voidable, at the instance of the debtor, only as to the usury. *Ramsey* v. *Clark*, 4 Hum., 246; *Dews* v. *Eastham*, 2 Yer., 462; *Inman* v. *Telford*, 2 Yer., 255. And, with the change in the law, the Courts have held that if a purchaser of a note know nothing of the usury between the original parties, he will not be affected thereby. *Ramsey* v. *Clark*, 4 Hum., 244; *May* v. *Campbell*, 7 Hum., 450; *Doak* v. *Snapp*, 1 Cold., 183; *Frazier* v. *Sypert*, 2 Heis., 342. See *Lynchburg National Bank* v. *Scott Bros.*, 29 L. R. A., 827, and cases cited.

The Court of Chancery Appeals further held, that Mrs. Bradshaw was a minor and a married woman when she executed and acknowledged the deed of trust, and that she could, therefore, disaffirm the same and recover her homestead, if there were noth-

ing else in the way. This is unquestionably correct under the holdings of this Court. *Walton* v. *Gaines,* 10 Pick., 422, and cases there cited. They found as a matter of fact, however, that the deed of trust was made to secure money borrowed by the husband to pay off a prior mortgage upon the land, created before the marriage of the husband, and that almost the entire amount was thus applied. That Court concluded from this finding, that the execution of the deed of trust by the husband and wife was, in effect, a transferring and renewing of the original lien incumbrance that existed by virtue of the first mortgage before the rights of the wife attached, and that it would be inequitable and unjust to deprive the holder of the notes of his security, unless the money advanced originally was refunded, which was not offered to be done. Citing *Smith* v. *Evans,* 5 Hum., 69; *Pitcher* v. *Cataulis,* 2 Head, 206; *Aiken* v. *Suttle,* 4 Lea, 103, and other cases.

On petition to rehear, the Court of Chancery Appeals found the facts upon this branch of the question more fully and in detail, and to the effect that the money borrowed under the deed of trust now sought to be foreclosed, was used to pay off a prior mortgage, executed by the husband and wife on the same property, and the money received from this prior mortgage was used to pay off a debt secured by a mortgage executed prior to that time and before the husband's marriage; but this fact, the

13 P—21

Court held, would not alter the conclusion already reached.

The complainants have. assigned this holding also as error, and the contention is (1) that the question of refunding the money received on the execution of the trust deed, and the question of subrogation or substitution to the rights of the original lender of the funds to the husband before his marriage, were not in any way raised or set up in the pleadings; (2) that there is no case for substitution or subrogation to the rights of the original creditor made out by the facts of the case.

We think this error is well assigned. It is a fundamental principle of the law, that proof without allegations will not sustain a decree. *Furman* v. *North*, 4 Bax., 298, 299; *Rogers* v. *Breen*, 9 Heis., 679; *Bank* v. *Insurance Co.*, 85 Tenn., 87.

The matter of subrogation, substitution, and refunding of the amount received on the deed of trust, was in no way raised in the pleadings. Neither is there any case for subrogation or substitution made out by the facts in this cause. Here the attempt is made to subrogate Wakeman through two removes back to the rights of the original holder of the first mortgage executed before the husband married. There was no agreement for any subrogation, but each transaction was separate and distinct, and each was made simply to obtain the loan of money without any agreement as to how it should be applied, or for any substitution or subrogation because of its

use. It is not a proper case for subrogation. *Owens*
v. *Johnson*, 8 Bax., 265; *Durant* v. *Davis*, 10 Heis.,
522; *Royan* v. *Simpson*, 10 Heis., 655; *Gray* v.
*Baird*, 4 Lea, 221; *Loftis* v. *Loftis*, 10 Pickle, 244;
*Smith* v. *Neilson*, 13 Lea, 461; *Belcher* v. *Wicker-
sham*, 9 Bax., 111.

The cases cited by the Court of Chancery Ap-
peals hold that a married woman cannot disaffirm a
voidable contract and recover back property except
on condition that she restore the purchase money
actually received by her. The rule does not apply,
however, as to her, when the money is not actually
received by her, but is paid to her husband, or
upon his debts, even though she directly or indirectly
receive benefit therefrom. It is at last a debt in-
curred by her husband, and the benefit to her is
but incidental, and because of her relation to him.
It is only in case of actual receipt of money by
her that she is compelled to refund as a condition
of relief, and then only upon proper pleadings, and
to the extent of the amount actually received by her.
*Smith* v. *Evans*, 5 Hum., 69; *Pilcher* v. *Smith*, 2
Head, 206; *Aiken* v. *Suttle*, 4 Lea, 103.

The decision of the Court of Chancery Appeals
and of the Chancery Court must be reversed, and
the sale made to defendant, Wakeman, set aside.
Complainants are entitled to their homestead. The
cause will be remanded to the Chancery Court below,
and proper orders made to secure the homestead to
them, and for such further action as the complainant,

Wakeman, in the cross bill may see proper to take. The complainant, Wakeman, will pay all the costs of the appeal and of the Court below subsequent to the filing of his cross bill.    The other costs will be adjudged on final hearing in the Court below.

### OPINION ON PETITION TO REHEAR.

WILKES, J.   A petition to rehear has been filed in this cause, in which it is insisted that a fact is disclosed by the record which has not been passed upon by the Court of Chancery Appeals, and which would change the holding of this Court.

This Court takes the facts as they are found by the Court of Chancery Appeals, and will not seek to go behind that finding to search for other facts which counsel may deem important.   If there were nothing else in the petition, therefore, it must be dismissed, as the Court of Chancery Appeals was not requested to find the additional facts now deemed important.

The additional fact which is it alleged exists in the case, is that the original debt, secured by the first deed of trust given prior to the marriage of complainant, Bradshaw, was a debt contracted for the purchase money of the lot in controversy, and it is insisted that, under the provisions of the Code, § 2935 (M. & V.), and the decisions of this Court, when money has been borrowed to be applied to the payment of the purchase price of land, the debt so con-

tracted is entitled to priority over the homestead right. Citing *Guinn* v. *Spurgin*, 1 Lea, 228; *Bentley* · v. *Jordan,.* 3 Lea, 353; *Byrns* v. *Woodward*, 10 Lea, 444; *Mulherrin* v. *Hill*, 5 Heis., 58.

Now, if petitioner is correct in his view of the law, it is evident that Wakeman, the holder of the debt in this case, could only be let into the rights of the original creditor upon the idea of subrogation or substitution, which, we have already held, is not raised by. the pleadings in the case, and cannot therefore be considered.

But petitioner is mistaken in the law, even if the facts be as he claims. The case most nearly in point supporting his contention is the case of *Guinn* v. *Spurgin*, 1 Lea, 228. This case has been expressly overruled in the case of *Loftis* v. *Loftis*, 10 Pickle, 244, and the other cases cited by petitioner are there commented upon and shown not to be in conflict with the principle there announced that a party who pays off purchase money is not thereby substituted or subrogated to the priority or liens in favor of the original creditor, and if he secure himself by mortgage his rights will depend on the mortgage and not on the original transaction. *Loftis* v. *Loftis*, 10 Pickle, 243.

The petition to rehear is dismissed.