HAYGOOD, for use, v. DANNENBERG COMPANY et al.

An application for the setting apart and valuation of a homestead of realty is not a suit for money, nor is it a suit for the recovery of real or personal property within the meaning of the statute which fixes the liens of attor-neys. The applicant has a right to withdraw or dismiss such application at his pleasure; and if either be done, no lien on the property sought to

be exempted exists in favor of an attorney prosecuting such application; nor can he, as against this action of the applicant, further prosecute the same.

Submitted June 29, — Decided July 21, 1897.

Homestead — appeal. Before Judge Hart. Baldwin superior court. January term, 1897.

To the application of Laura K. Haygood to the court of ordinary, for a homestead out of the property of her husband W. E. Haygood, objections were filed by the Dannenberg Company et al., creditors of W. E. Haygood. The case was appealed to the superior court, and was there prosecuted for the use of the applicant's attorneys. At the trial the plaintiff introduced in evidence the record of the court of ordinary, showing the setting apart of the homestead, with the surveyor's report and the appraiser's assessment of the property at $1,350; also the testimony of J. D. Howard, that he was a practicing lawyer and familiar with the services rendered by the attorneys for the applicant in the homestead case, and considered $150 a reasonable fee for their services. The plaintiffs closed, and the caveators introduced a written contract of settlement signed by Mrs. L. K. Haygood and the attorneys of the caveators, wherein she agreed that for $300 paid her they should take a verdict "against the application." Plaintiffs objected to this settlement, on the ground that it was without their knowledge and consent, and not binding upon them. The objection was overruled; and the court directed a verdict against the application. These rulings are assigned as error.

*Crawford & Crawford* and *D. B. Sanford*, for plaintiff in error.

LITTLE, J. The question of the existence of an attorney's lien is the only one which is involved in this case. The report shows that there was an attempt on the part of the attorneys of the applicant for the homestead to prosecute the case in the superior court for their benefit; the attorneys taking the position that they had a lien upon the property involved, for fees, and that their client could not settle the case so as to prevent their lien for fees from attaching.

The law regulating the liens of attorneys for their fees is found in section 2814 of the Civil Code, and such liens are,

under the provisions of that section, allowed only in certain instances. (1) A lien is given on all papers and money of clients in possession of the attorney for his services rendered. This lien is to be enforced by retention of the papers until the claim is satisfied; and the money may be applied to the payment of his claim. (2) The attorney has a lien upon suits, judgments and decrees for money; and no person shall be at liberty to satisfy the suit, judgment or decree, until the attorney's claim is satisfied. Attorneys shall have the same right and power over the suits, judgments and decrees to enforce their liens as clients have, for the amount due thereon. (3) Attorneys shall have a lien on real or personal property recovered, to be enforced as mortgages are foreclosed.

The attorneys in this case claim that they are entitled to prosecute the application for homestead for their benefit under the second paragraph of the section quoted above. Such lien could not exist under the authority of the first, because the provisions of that paragraph apply alone to papers and money in the hands of such attorneys. It can not exist under the conditions of the third paragraph, because there ·the lien, in terms, attaches only on the property recovered. Does the lien then exist under the conditions of the second paragraph of section 2814, supra? This paragraph gives to attorneys liens on suits, judgments and decrees for money. The proceeding which was being carried on was an application made by the wife to have a homestead of realty assigned to her and her minor children out of the property belonging to her husband. By this proceeding no money or property is sought to be recovered; the title to the realty named in the petition is not sought to be changed. If the application was successful, the effect of setting it apart as a homestead would be to vest in the wife and children the use of this property during the minority of the latter, and the life of the former, for their support and maintenance. The liens of judgment creditors and others, if such existed on the property, would not be destroyed, but enforcement of them postponed until this use had been terminated. If the position taken by counsel is sound, then there would be a lien created upon the property of one.

not a party to the proceeding, superior to certain other liens,. if such existed at the time; and this, too, when the only con-- templation of the statute is that such a setting apart should enure alone to the benefit of the wife and the children. If the attorney's lien should be established against this property, then it would follow that it was the subject of sale under it,. and by this means the owner of the property would be divested of his title, and the beneficiaries deprived of the use of the same. This the statute does not contemplate. It is well to note, that by the paragraph under consideration the lien is. given on suits, judgments and decrees, and these suits, judg-- ments and decrees can not be settled by any person until the attorney's claim is satisfied. Suppose an attempt is made to settle such a suit, judgment or decree as is referred to in the paragraph, that attempt can not be successful; and in order to obtain and enforce his lien, the attorney, under the statute, has the same right over such suit to enforce his lien as his client has, for the *amount due thereon*. If the attorneys in this case could prosecute this proceeding for the enforcement of their lien as against the settlement made, to the same extent as their clients had the right to do, then the effect of the pending pro-- ceeding would be to set aside certain described land for the use and benefit of the wife and minor children, and only for the purpose, after the same is set aside, of enforcing the lien of the attorneys by sale of this interest. It seems to us that plain- tiff's attorneys can not successfully invoke the provisions of this paragraph to allow them to continue to prosecute the ap- plication for homestead. Such a proceeding, if a suit at all, is not a suit for money, nor is it a suit for property, and being neither, no lien can attach, and no bar to the right of the ap- plicant to control her cause attaches under the statute.

We have examined, in connection with this case, the two cases from our Reports which we think bear on the question. In the case of *Collier* v. *Simpson*, 74 *Ga.* 697, the court held that a mortgage to secure an attorney's fee was not a debt. which would subject the homestead, even if the services were rendered in a case involving the removal of an incumbrance on the land. In *Strohecker* v. *Irvine*, 76 *Ga.* 639, this court

ruled that the lien of an attorney for services in successfully resisting a levy on a homestead, and obtaining it to be set apart as an exemption, is in the nature of labor done on the homestead, and of purchase-money thereof, and the homestead property is subject thereto. If there be a conflict in principle between these two cases, we are not called on now to reconcile the same. The proceeding here presents a different question of law. No homestead had been set apart in this case; the attorneys seeking to prosecute the suit are not here engaged in resisting a levy on the land included in the homestead application; nor has any mortgage been created on the land in question to secure attorney's fees for removing an incumbrance from the land included in the application. The single proposition advocated is, that the attorney has the right to proceed to have a homestead set apart, so that his lien may attach to the land when set apart, for services rendered in having it so set apart. We are clear that this can not be done; and the court was right in admitting in evidence the contract of settlement between the applicant and the caveators. This evidence being admitted, it was not error to direct a verdict against the applicant.    *Judgment affirmed.    All the Justices concurring.*