McLean *v.* Lerch.

McLean *v.* Lerch.

(*Knoxville.*   October 15, 1900.)

HOMESTEAD.   *Right of, subject to sale for attorney fees, when.*

An attorney's lien for compensation for services rendered in the recovery and protection of the homestead right to which a widower with minor children is entitled, may be enforced by sale of that right where the lien was declared by decree in the case in which the services were rendered upon the written consent of the widower.

Constitution construed: Article XI., Section 11.

Code construed: §§ 3798, 3799, 3803 (S ); §§ 2935–2939 (M. & V.); §§ 2110*a*, 2113*b*, 2114*b* (T. & S.).

Cases cited: Garner *v.* Garner, 1 Lea, 30; Stanford *v.* Andrews, 12 Heis , 664.

FROM   HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

J. H. McLEAN and W. G. CAULK for McLean.

M. H. CLIFT for Lerch.

WILKES, J.   This is a bill to enforce an attorney's lien for his fee against the homestead of the defendant, M. Lerch, Sr.   The Chancery Court granted the relief prayed and sold the homestead,

and on appeal, the decree of the Chancellor was affirmed by the Court of Chancery Appeals.

It appears that M. Lerch, Jr., filed his bill in February, 1896, against M. Lerch, Sr., claiming that his father was indebted to him, and attaching his lands on the ground that he had already, or was about, fraudulently to convey them. Other persons, who had levied executions on the lands, were made parties to the suit. The complainant, McLean, as attorney, represented the defendant, M. Lerch, Sr., in those cases. He filed an answer and cross bill, and in the latter set up the homestead right of M. Lerch, Sr., in the lands. He in the meantime ascertained that M. Lerch, Sr., had fraudulently conveyed the land to his son, Joseph Lerch. He procured this deed to be rescinded upon the idea that while it stood in force M. Lerch could not successfully claim homestead in the land which he had thus fraudulently conveyed. Matters so progressed that under the cross bill of M. Lerch, Sr., he was allowed and decreed a homestead right in the land involved, as against the attachment, but not as against the executions, and in the same decree the Court declared a lien upon the homestead for the fee of complainant, and fixed the amount at $100, upon a written agreement signed by the parties to that effect, and the decree recites on its face that it was done by agreement. The land was sold subject to the homestead and bid in by L. W.

McLean. She also became the purchaser of the homestead interest which was sold in this cause before the appeal was granted. From the decree in the original case, fixing the amount of the fee and declaring a lien for it on the homestead, no appeal was taken, and the present bill was filed some one year afterwards to enforce the lien by a sale of the homestead.

It does not appear that M. Lerch, Sr., had any wife when his homestead right was declared, and the agreement was made by him to fix the amount of the fee of the complainant as attorney. It does appear from the record that he was at that time a man about sixty-six years of age, and had raised a family of eight children, all of whom but two had at that time reached their majority. There is nothing to show that he was the head of a family in any other sense than that he had these two minor children, and from the fact that a wife is nowhere alluded to in either case, we infer he had none at that time, so that the rights of his wife, if he had one, are not in any way involved in this case.

It is said with much plausibility and force that the homestead cannot be subjected to the payment of an attorney's fee incurred in either protecting or recovering it. And the constitutional and statutory provisions are cited relating to the homestead right and providing that it shall be exempt from sale under legal process for all debts or liabilities

except public taxes legally assessed upon it or debts or liabilities contracted for its purchase or improvements. Shannon, § 3798, and *sequitur;* Constitution, sec. 11, Art. 11.

It is said in the next place that if there could be any authority for the sale of the homestead for such a debt, it would not exist in the present case. The reasoning is that the constitution and statutes give a homestead, and it is not recovered by suit, but at best is only preserved or protected; that there was really no recovery in the present case, but only a defense of the right, and in such case a lien would not exist, on the well-settled rule that in order to give an attorney a lien upon property or a fund, it must be recovered, and not merely defended, by such attorney. *Garner* v. *Garner*, 1 Lea, 30; *Stanford* v. *Andrews,* 12 Heis., 664.

In this case the land of defendant, embracing the homestead, was attached and levied upon. The attorney filed an answer and cross bill asserting his rights to homestead and rendered services which were agreed to be worth $100. A lien was declared for that amount on the homestead thus protected, which was not appealed from, but allowed to stand. Not only so, but the attorney, in order to protect and regain the homestead, procured the fraudulent deed to M. Lerch, Jr., to be set aside, believing that while it was in force his client was estopped and precluded from setting up his

McLean *v.* Lerch.

homestead. By this deed, fraudulent though it was, the defendant had parted with his homestead, and through the efforts of the attorney it was secured and regained. We think, therefore, leaving the other questions out of view, there was a recovery of the homestead, and it is a case in which an attorney's lien could be declared and enforced against property recovered and not merely defended.

The other question presented is a new one, at least in this State. It is shown that in Georgia an attorney has a lien upon a homestead protected by his legal services. *Strobecker* v. *Irvine,* 76 Ga., 639; (S. C., 2 Am. State Rep., 62); *Haygood* v. *Damenby Co.,* 102 Ga., 24.

But this appears to be under a statute which does not exempt the homestead from seizure for judgments, executions or decrees for debts incurred in the removal of incumbrances on it, and in addition, the cases do not seem to be in accord with a somewhat earlier case of *Collins* v. *Swepson,* 74 Ga., 697, with which it was by the Georgia Court not deemed necessary, in settling the issues before the Court, to reconcile them. The exact language of our constitutional provision is: "The exemption shall not operate against public taxes nor debts contracted for the purchase money of such homestead or improvements thereon." With these exceptions it is declared the homestead shall be "exempt from sale under legal process." The

language of the statute is substantially that. the homestead "shall be exempt from execution or at-tachments or sale under legal process," etc., and "shall be exempt from sale in any way at the instance of any creditor or creditors." Shannon, § 3798.

The exceptions are thus stated:

"The homestead shall not be exempt from sale for the payment of public taxes legally assessed upon it, or from sale ·for the satisfaction of any debt or liability contracted for its purchase or legally ˙incurred for improvements made thereon. It shall be exempt from seizure in criminal as well as in civil cases, but not exempt from dis-tress or sale for taxes or on a judgment for failure or refusal to work on public roads, or for fines and costs for voting out of the civil district or ward in which the voter lives, or for carrying deadly or concealed weapons contrary to law, or for giving away or selling intoxicating liquors on election days." Shannon, § 3799.

"The homestead upon leasehold estates shall not be exempt from execution or attachment for rent due thereon." Shannon, § 3803.

While it was the evident purpose of these con-stitutional and statutory provisions that a home-stead should not be subjected by legal process to any of the debts and liabilities of the owner, and that it should be exempt from seizure for debts, it was not their purpose to place such restrictions

upon the right as to prevent the owner from charging it if necessary in order to defend it or to recover it if lost or about to be lost. And yet, with the construction asked in this case, such result might not only occur, but probably would. If a man when his homestead is attached, or about to be lost or has been conveyed away wrongfully, cannot charge it with the necessary cost of its protection and recovery, it is evident that it would often be lost from inability to give it protection. Usually persons who are compelled to contest and litigate to retain or regain their homesteads have no other property, and if they cannot charge the homestead, they would have no means of defending it, and the provision would prove a hurtful burden instead of a helpful provision.

Now in this case, as we have found, the homestead was not only protected in the suit, but was also recovered through the efforts of the attorney engaged in the litigation, and as a part of his services in the case. The decree was taken, and the record shows that the amount of the fee was fixed by agreement of the parties. The decree and agreement were equivalent to the execution of a mortgage or charge upon the homestead by the owner, but without any power of sale. This being so, it cannot be that this lien, thus fixed by decree, not excepted to nor appealed from and one which still remains in force and is virtually a consent decree, cannot be enforced by a proper

proceeding. Upon another view the lien can be sustained—the homestead was recovered for the claimant. The expense of its recovery attached to it as an incident of its recovery, and he takes it subject to the incumbrance necessary for its recovery, but especially is this so when he has virtually agreed and consented to the lien and also to the amount of the charge. We think this is not a case covered by the constitutional and legislative prohibition against sale under legal process, notwithstanding the able argument presenting a contrary view.

It is perhaps necessary to add that it is not intended by this holding to sanction a practice which has grown up of declaring a lien upon a homestead for services rendered merely in its defense and protection upon the *ex parte* application of the attorneys, oftentimes without notice to or assent by his client. We do not intimate a holding in such a case, and the present is not such a case, but one where there is a decree virtually consenting to the lien and by agreement, expressly fixing the amount of the charge, and this unexcepted to and uncomplained of for a number of years. In such case we can see no reason why the lien should not be enforced as we have before stated. The rights of a wife, if there is one, are not involved. No wife is a party to or mentioned in either proceeding.

We may, for the sake of distinction, grant that

McLean *v.* Lerch.

when there is a wife, her assent to the lien or charge must be secured, and we might go further, and hold that she must execute a conveyance as is required in other cases when the title of a married woman is involved. Whether this is true or not, we are not called upon to decide in this case, as there is no wife before the Court, and presumably none in fact. Here is the case of a head of a family of children without a wife making and agreeing to a charge upon his homestead in order to recover and protect it, and there is no reason in law why he should not do so, and sound public policy requires that he have such right.

There is no error in the result reached by the Court of Chancery Appeals, and its decree is affirmed.