McBroom *v.* Whitefield.

McBROOM *v.* WHITEFIELD.

(*Nashville.* March 22, 1902.)

1. HOMESTEAD. *Attaches to interest of a cotenant severed by parol.*

Where land is devised to several as tenants in common, with direction to the executor to divide same among them, homestead attaches to the share assigned to one of the tenants by the executor, although it is done in parol only. (*Post, pp. 423, 424.*)

Case cited: Meacham *v.* Meacham, 91 Tenn., 532.

2. SAME. *Joinder by infant wife in husband's deed does not defeat.*

The joinder of an infant wife in her husband's deed conveying the homestead property does not estop her and her husband to recover homestead therein upon her disaffirmance of the deed seasonably made. (*Post, p. 425.*)

Cases cited: Scott *v.* Buchanan, 11 Hum., 467; McGan *v.* Marshall, 7 Hum., 121; Wheaton *v.* East, 5 Yer., 59; Bradshaw *v.* Van Valkenburg, 97 Tenn., 316; Walton *v.* Gaines, 94 Tenn. 421.

3. SAME. *Same.*

And her right of disaffirmance continues, not only during her minority, but until she is discovert. (*Post, pp. 425, 426.*)

4. SAME. *Same.*

Her right of disaffirmance is not dependent upon her return of the consideration, when it is paid to the husband and not to herself. (*Post, p. 426.*)

Case cited: Bradshaw *v.* Van Valkenburg, 97 Tenn., 323.

5. SAME. *Effect of invalid deed for.*

But such deed passes title to the vendee subject to the homestead right. (*Post, p. 425.*)

Cases cited: March *v.* Russell, 1 Lea, 543; Case Co. *v.* Joyce, 89 Tenn., 352; Cox *v.* Keathley, 99 Tenn., 522.

McBroom *v.* Whitefield.

6. SAME.  *Not subject to attorney's lien for fees.*

   Homestead right of husband and wife is not subject to lien for
   fees of an attorney for services rendered in an action for its
   recovery, and cannot be sold for same.  (*Post, pp. 426, 427.*)

   Constitution construed: Art. XI, ℓ 11.

   Code construed: ℓ 3798 (S.) ; ℓ 2935 (M. & V.); ℓ 2110a (T. & S.).

   Case cited: McLean *v.* Lerch, 105 Tenn., 693.

---

FROM PUTNAM.

---

Appeal from the Chancery Court of Putnam
County.  T. J. FISHER, Ch.

BRYANT & MCBROOM for McBroom.

DENNY, HALLADAY & BACKMAN for Whitefield.

CALDWELL, J.  W. A. McBroom devised a tract
of land in Putnam County to Jeff Ally and
Joel McBroom, and directed his executors to di-
vide it among them.  After the division was
made, Joel McBroom intermarried with his present
wife, M. J. McBroom.  Subsequently he sold his
share of the land, which was then and is now
worth less than $1,000.00, to J. E. Lewis, and
gave him a bond for title.  On the 24th of
August, 1892, he executed to Lewis a deed in
fee according to the terms of the title bond, and
his wife, who was then a minor, joined him
in the deed.

When Lewis had been in possession two or three years, he sold and conveyed the land to L. C., Jeff, and Andy Whitefield. Afterwards L. C. and Jeff Whitefield sold and conveyed their interest in the land to Andy Whitefield, who, on the 6th of April, 1898, sold and conveyed it to Valma V. Whitefield.

Thereafter, Joel McBroom and his wife, who had never owned any other land, filed this bill to avoid their deed on account of her minority at the time of its execution, and to set up a right of homestead in the land.

The Chancellor dismissed the bill. The Court of Chancery Appeals reversed his decree and granted the relief sought to the extent of allowing the complainants a homestead in the land, with reversion to Valma V. Whitefield, the last vendee.

The action of the latter tribunal is obviously correct.

1. The division of the original tract of land by the executors, though in parol only, was a sufficient severance of the tenancy in common to invest Joel McBroom with separate title to his share thereof, and to bring that share, other prerequisites being established, within the provisions of the homestead law. *Meacham* v. *Meacham,* 91 Tenn., 532.

2. Being a married man, residing in this State, and having no other realty, he, as the

McBroom *v.* Whitefield.

head of the family, was, at the time of his sale and conveyance thereof, entitled to a homestead therein; and, being so entitled, he could not divest himself of that right without the valid joinder of his wife in his deed. Const., Art. 11, Sec. 11; Code (Shannon's), § 3798.

3. Her joinder, though in proper form for adult married women, was ineffective against her disaffirmance, seasonably made, as in this instance, because she was at the time a minor, and, therefore, had no legal capacity to convey any interest of her own or to give binding consent to her husband's conveyance. *Scott* v. *Buchanan,* 11 Hum., 467; *McGan* v. *Marshall,* 7 Hum., 121; *Wheaton* v. *East,* 5 Yerg., 59; *Bradshaw* v. *Van Valkenburg,* 97 Tenn., 316; *Walton* v. *Gaines,* 94 Tenn., 421; 1 Devlin on Deeds, Secs. 86, 91.

4. Hence the deed to Lewis had only the effect that it would have had without any joinder on her part, and that was simply to pass the title subject to the homestead right, which was left unimpaired as to both him and her. *March* v. *Russell,* 1 Lea, 543; *Case Co.* v. *Joyce,* 89 Tenn., 352; *Cox* v. *Keathley,* 99 Tenn., 522.

5. It matters not that Mrs. McBroom is not shown still to be a minor, for if minority had been her only disability, she would have been allowed a reasonable time, after attaining her majority, to disaffirm the deed (5 Yerg., 59; 7 Hum., 121; 11 Hum., 467), and, besides, being

in fact under the disability of coverture also, her right. of disaffirmance continues until she becomes discovert. 94 Tenn., 421.

6. Nor is her right of disaffirmance dependent upon her return of the consideration paid by Lewis for the land, for it does not appear that she received that consideration or any part of it. Unless she were shown to have received the price, restitution cannot be made a condition for the relief she seeks. *Bradshaw* v. *Van Valkenburg,* 97. Tenn., 323.

Let the decree of the Court of Chancery Appeals be affirmed.

### MOTION FOR LIEN.

Counsel of the complainants in this cause move the Court for a lien on the recovery allowed their clients for reasonable fees for services rendered.

Were the recovery of *land* merely, as such, there could be no doubt of the right to have the lien declared. But such is not the case. The homestead, as a property right, is peculiar and exceptional. It is exempt, absolutely from sale under legal process, in any way, at the instance of any creditor, except for public taxes, debts for purchase money, or improvements. Const., Art. XI., Sec. 11; Code (Shannon's), § 3798. The exception does not include attorney's fees, consequently the homestead cannot, by legal process, be

sold for their payment; and it would be folly for the Court to undertake to fix a lien on property that could not be sold to enforce the lien in case of default. Indeed, the exemption from sale for such a debt necessarily precludes the Court from declaring a lien therefor. To validly incumber a homestead of husband and wife with a lien for liabilities other than those embraced in the exception found in the fundamental and statutory law, the same formalities must be observed as in case of voluntary sale thereof by them; that is, it must be done by their joint consent, evidenced by proper instrument of writing executed by them, and privily acknowledged by the wife.

In the case of *McLean* v. *Lerch,* 105 Tenn., 693, it did not appear that the homesteader, against whom a lien declared by his consent was enforced, had a living wife; hence that case is not an authority for the present motion. A widower, as there ruled, may well waive his homestead exemption and consent to the declaration of a lien upon the property; but when the relation of husband and wife exists, as in this case, a lien for non-excepted debts can be fixed upon the homestead in no other way than by their joint consent, shown as before indicated herein.

The motion is refused.