## HARRISON *v.* STILES.

Where one having money agreed with a broker to make a loan to the latter's principal, in consideration of the *maximum* legal rate of interest and one half of the commissions which the principal had contracted to pay the broker to negotiate the loan, the agreement was usurious and illegal, and the proposed borrower, upon refusing to accept the loan, did not become liable to pay the broker for his services in procuring the agreement to lend the money on the terms stated. This is true whether the fact that the broker

had promised one half of his commissions to the owner of the money in order to induce him to agree to make the loan, was known to the broker's principal or not.

January 14, 1895.

Motion to reinstate. Before Judge VAN EPPS. City court of Atlanta. July term, 1894.

S. W. Stiles sued Sarah Ann Harrison for $150 commissions for negotiating a loan. Upon the trial, at the close of the plaintiff's evidence, a nonsuit was granted. During the term he moved to set aside the judgment of nonsuit and reinstate the case. The motion was sustained, and defendant excepted. The evidence was as follows: Defendant employed plaintiff to negotiate for her a loan of $800, for which she was to pay interest to the lender at eight per cent. per annum, and was to secure the lender by deed to certain realty in Atlanta. She agreed to pay plaintiff, for his services in negotiating the loan, a commission of $150. Plaintiff procured one Purtell to make the loan, agreeing to pay him one half of the commission if he would lend the money. Purtell agreed to make the loan to defendant at the rate of interest specified, and in consideration of the further payment to him by plaintiff of $75. Thereupon plaintiff offered defendant to comply with his contract to furnish her said loan, and she refused to receive it and stated that she had borrowed the $800 from another source; putting her refusal on said ground solely, she being ignorant at the time of plaintiff's agreement with Purtell to divide the commissions. The motion for nonsuit was on the ground, that the evidence showed that the alleged contract made by plaintiff with Purtell on behalf of defendant, was tainted with usury and was illegal, and therefore plaintiff had no right to recover any commission.

JAMES H. GILBERT, for plaintiff in error.

E. M. & G. F. MITCHELL, *contra.*

LUMPKIN, Justice.

The substance of the declaration and the evidence introduced in support of it are stated by the reporter. The court sustained a motion to nonsuit the plaintiff on the ground that the contract between Purtell and Stiles for the lending of the money was illegal and usurious. Afterwards the court reconsidered this decision, and granted a motion to reinstate the case.

While the question presented is not entirely free from doubt, we are of the opinion that the court's first view of the case was the correct one. By the terms of the agreement between Purtell and Stiles, the former was undoubtedly to receive usurious interest for the use of his money. He was to be paid 8 per cent., which is the highest legal rate in this State, and in addition thereto, one half of the commissions which were to be paid Stiles for negotiating the loan. It does not appear that the client of Stiles was aware of the details of this agreement, or that she knew a part of the commissions she had contracted to pay Stiles was to be turned over to Purtell as a part of the consideration of the loan. We do not think, however, that her ignorance as to this matter is material in arriving at a proper solution of the case. As between Purtell and Stiles, the contract was undoubtedly usurious and illegal. In other words, Stiles, as agent, had made a contract in behalf of his principal which was incapable of legal enforcement, and we do not think he is entitled to recover for services rendered in effecting such a contract. While it is true that if the contract had been fully executed, the borrower would have paid no usurious interest directly to the lender, it is also true that one of the results of the execution of this contract would have been a violation of our usury laws on the part of Purtell. A direct agreement by the borrower to pay the lender 8 per cent. interest and a bonus or commission for the use of the money, would

undeniably have been usurious. She could not have made for herself a legal contract to this effect, and we hold that her agent could not indirectly do the same thing in her behalf by supplementing the interest she was to pay with a part of his commissions. Purtell undoubtedly could at will have repudiated the agreement he had made with Stiles, and could accordingly have declined to lend the money; so really, Stiles had not made for his client a contract which she could enforce in the event Purtell refused to comply with its terms. The fact that he was not at all likely to refuse, and that the repudiation came from her, is of no consequence. On the doctrine of mutuality, she certainly could decline compliance if he could. See *Brown* v. *Baer*, 79 *Ga.* 347, 353–4. The agent, having negotiated for his principal a contract which was not in law a valid and legal one, was not entitled to compensation; for the principal had the right to reject such a contract even though the other party was willing to carry it out.

*Judgment reversed.*