### 4659. Monk *v.* National Bank of Tifton.

Russell, J. The court did not err in the instruction of which complaint is made, nor in refusing the instruction requested. The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.*

Decided October 7, 1913.

Complaint; from city court of Tifton—Judge R. Eve. January 8, 1913.

The National Bank of Tifton sued Monk on a promissory note payable to Brooks and indorsed by the payee. Monk pleaded that the note sued on was given in renewal of a note which was usurious and without consideration, and that this was known to the bank

when it acquired the note. On the trial the defendant admitted a prima facie case for the plaintiff and assumed the burden of proof. From the evidence it appears that the defendant executed a note to Brooks for $1,000, due one year from date, and that the note sued on, which was for $738.50, was given in renewal of the former note, on which a credit had been made, reducing it to the amount of the second note. Brooks was the plaintiff's cashier when these transactions took place. As to the consideration of the original note there was conflict between the defendant's testimony and that of Brooks. According to the defendant's testimony, he was to get $500 from Brooks for the $1,000 note, but did not get the money, and received no consideration for the note; Brooks was in charge of the plaintiff's business, and the defendant had a deposit account with the bank, and, by applying to that note money from the deposit account, Brooks reduced the note to the amount for which the renewal note was given. The defendant testified that when he gave the renewal note he did not know that he had not received the $500 which was the consideration of the $1,000 note. Brooks, in his testimony, denied that the original note was given for a loan of $500. His version of the transaction was as follows: The defendant came to the bank and asked Brooks to join him in the purchase of certain land on which he had an option. Brooks declined to do so. Finally the defendant proposed to give Brooks a note for $1,000 if Brooks would "put up the money until he could get a long loan." This was done. Brooks "put up about $3,500." This was not his own money, but was money of the bank. About thirty days later the defendant paid this back, having meanwhile obtained a loan from another source. Brooks discounted the $1,000 note with the bank. The defendant, in rebuttal, testified: "I never did offer or agree to give Mr. Brooks a bonus of $1,000 to help me buy this place."

The trial resulted in a verdict against the defendant for the amount sued for, and, on refusal of his motion for a new trial, he excepted. In addition to the usual general grounds, the motion contained the following grounds:

"Because the court charged the jury in the following language: 'If you should believe, by a preponderance of the evidence, that J. L. Brooks and the defendant, S. S. Monk, did enter into a bona fide contract and agreement, under the terms of which J. L. Brooks

was to act as the agent of Monk in performing certain duties and in doing certain things in connection with this particular matter, which has been testified before you, and you believe that as compensation for the services thereby rendered or alleged to have been rendered by the said Brooks to S. S. Monk, S. S. Monk gave Brooks a note for $1,000, which is alleged to have been finally transferred to the plaintiff in this case, and if you believe that to be the truth, and that it was a bona fide transaction between the parties, and was given upon the strength of certain services performed by Brooks, then it would be your duty to bring in a verdict for the amount sued for;' said charge being erroneous because the evidence of the plaintiff presents no such theory as covered by this part of the court's charge; the plaintiff nowhere contended that Brooks acted as the agent of Monk in any sense of the word, but it is conclusive that Brooks acted only in his capacity as cashier of the plaintiff bank in advancing money to Monk."

"Because the court failed to give to the jury the following written request to charge, made by the defendant and presented to the court: 'If you believe, from the evidence, that S. S. Monk, the defendant, went to J. L. Brooks, cashier of the National Bank of Tifton, and invited him to enter with him into the purchase of this property, both parties to have an interest therein, and that said Brooks refused such invitation, and that it was then agreed between said Brooks and Monk that Brooks would furnish Monk with money of the bank, sufficient to purchase such land, and that, in consideration of furnishing such money, Monk was to pay Brooks $1,000, and that Monk actually executed and delivered such a note to Brooks, and that the note sued on is a renewal of this $1,000 note so given, then I charge you that if this is the only consideration of such note, and you believe this from the evidence, you can not return a verdict in favor of the plaintiff.'"

Robley D. Smith, for plaintiff in error, cited: As to knowledge by the bank: Brobston v. Penniman, 97 Ga. 527; Morris v. Georgia Loan Co., 109 Ga. 27; Fouché v. Merchants National Bank, 110 Ga. 827; Bank of St. Marys v. Mumford, 6 Ga. 49. Consideration of contract: Code of 1910, § 4241; Radcliffe v. Biles, 94 Ga. 480. Renewal of note by one ignorant of failure of consideration: Pettyjohn v. Liebscher, 92 Ga. 149. Usury: Code of 1910, § 3436; Scofield v. McNaught, 52 Ga. 69; MacKenzie v. Garrett,

*78 Ga.* 251; *Harrison* v. *Stiles,* 95 *Ga.* 264; *Pottle* v. *Lowe,* 99 *Ga.* 576; *Clarke* v. *Havard,* 111 *Ga.* 242; *McCall* v. *Herring,* 116 *Ga.* 235.

*Fulwood & Skeen,* contra, cited: *Atlanta Bottling Co.* v. *Hutchens,* 109 *Ga.* 550; *Taylor* v. *Felder,* 3 *Ga. App.* 291.