HAWLEY v. HOWELL ET AL.

1. **Usury**: NEGOTIATION OF LOAN: EVIDENCE CONSIDERED. Where defendant negotiated a loan through a loan agency, under the circumstances which appear in evidence in this case (see opinion), *held* that the plea of usury could not be sustained.

2. **Contract**: DRUNKENNESS AS A DEFENSE. The action being upon a note and mortgage, the defendant pleaded that he was, by reason of intoxication, incompetent to contract at the time the obligations were executed, and that therefore they were void; but the court found that he was fully aware of the nature and effect of the contract when the money was received and disposed of by him, and, therefore, *held* that his incompetency (if conceded), at the time of entering into the contract, would not absolve him from the obligations thereof.

3. **Usury**: INTEREST ON SEMI-ANNUAL INSTALLMENTS OF INTEREST. A contract which provided for interest at the rate of 10 per cent payable

semi-annually, and for interest at the rate of 10 per cent on the semi-annual installments of interest, after they became due, *held* not usurious:—Following *Ragan v. Day*, 46 Iowa, 239.

4. **Attorney's Fees:** CONTRACT FOR: PLEADINGS: JUDGMENT. Where a mortgage provided for "a reasonable attorney's fee, not less than $50," and the plaintiff in his petition claimed that $75 was a reasonable fee, which defendant denied, *held* that, in the absence of evidence as to what was a reasonable fee, the court was not justified in allowing more than $50, the minimum sum agreed on.

THURSDAY, DECEMBER 7.

*Appeal from Appanoose Circuit Court.*

ACTION upon certain promissory notes, and for the foreclosure of a mortgage upon certain real estate given to secure said notes.

The answer admitted the execution of the notes and mortgage, but averred that the defendant M. V. B. Howell, at the time the same were executed was mentally incompetent to contract, by reason of the excessive use of intoxicating liquors. There was also the further defense that the notes and mortgage were usurious. The action being in equity was tried to the court, and a decree was entered for the plaintiff, from which the defendants appeal.

*George D. Porter*, for appellants.

*Crosby, Dewey & Clark*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that on the 21st day of March, 1877, the defendant, M. V. B. Howell

1. USURY: negotiation of loan: evidence considered.

executed a power of attorney to the Western Loan Agency of Fairfield, by which he authorized said agency to procure a loan of $1,000 for him, for which he agreed to pay the said agency the sum of seventy-five dollars, as compensation for procuring the loan. The money to be borrowed was to be secured by a mortgage on one hundred acres of land in Appanoose county. At the same time, the defendant executed a formal application for

the loan, and a sworn appraisement of the land was made by two disinterested persons.

T. J. Bunn & Co. were bankers and loan agents at Bloomington, Illinois, through whom the Western Loan Agency procured loans of money, and the notes and mortgage in suit were executed to T. J. Bunn or bearer. Upon the receipt of the notes and mortgage and the application for the loan and the appraisement of the land, T. J. Bunn & Co. made their draft upon the Bank of North America, of New York city, payable to the order of M. V. B. Howell, for the amount of the loan less the sum of $50, their commission as loan agents, and sent the draft to one Morrison, the agent of the Western Loan Agency, through whom the loan was effected. This draft was afterwards paid. T. J. Bunn & Co. sent the notes and mortgage to one Hubbard, a special partner of their firm at Hartford Conn., and he sold them to the plaintiff within a few days after he received them.

The plaintiff paid to Hubbard the sum of one thousand dollars and the accrued interest up to the time of his purchase. When he made the purchase he had no knowledge of any defense to the notes and mortgage, but bought the same in good faith, believing them to be in every respect valid and collectible.

The loan was at ten per cent per annum, interest payable semi-annually, and a promissory note or bond was executed for the principal sum payable December 1st, 1881, and coupon notes were executed for the interest, payable every six months, which coupons contained a provision that, if not paid at maturity, they should draw interest at the rate of ten per cent per annum. We fail to find anything which will warrant the conclusion that this contract was usurious. The defendant constituted the Western Loan Agency his agent to procure the loan, and agreed to pay a commission of seventy-five dollars. This agency was operating through the loan agency of T. J. Bunn & Co. This last agency retained a commission of $50, and sent the defendant a draft for the

balance.   The Western Loan Agency were entitled to twenty-five dollars, the balance of the commission.   Whether this agency received more than that sum, is not a material inquiry. The draft was made payable to the order of the defendant, and was negotiated by his agents, and the evidence satisfactorily shows that the proceeds were applied and disposed of as defendant directed.   If he was wronged or deceived in the disposition made of the proceeds of the draft, that was a matter between him and his agents, who negotiated the loan, and received the money for him.   If he had required his agents to pay him all but $25 of the amount of the draft, he would have had a complete performance of his contract, and no complaint could justly be made of anything like usury in the transaction.   The claim is made that because Bunn & Co. took the notes and mortgage payable to one of their firm, and paid therefor by their own draft, and retained $50 as their commission, they are the principals in the transaction and that the contract is therefore tainted with usury.   But the evidence rather tends to show that Bunn & Co. were loan agents or brokers, and that the charge of the commission was their compensation for negotiating the loan from such person as desired to purchase securities of that character.

II. The evidence tends to show that the defendant, M. V. B. Howell, about the time the loan was negotiated and for some time before and after that, was addicted to the habitual and excessive use of intoxicating liquors, and to such an extent as to produce *delirium tremens*, and that in consequence of his habits he for a time wholly neglected his ordinary business.   It is urged that he was wholly incompetent to contract, and that the transaction should therefore be declared void.   Without determining whether he can be heard to complain without making restitution of the money received, we think that, whatever his state of mind was at the time he executed the several instruments which evidence the contract, he was fully aware of its

2. CONTRACT: drunkenness as a defense.

nature and effect when the draft was received, and the money was disposed of with his consent and by his direction. The evidence which establishes this fact is satisfactory to our minds. It is said that part of the money was expended in paying judgments which were not of legal and binding force against him. We cannot go into that inquiry. If he made a gift of the money to some one, the notes and mortgage would nevertheless be valid.

III. It is contended that the contract is usurious because the interest is at the rate of ten per cent, payable semi-annually, and the semi-annual installments of interest draw interest at the rate of ten per cent, after they become due. It is said that this is more than "ten cents on the hundred by the year," as provided in § 2077 of the Code. It was determined in *Rajan v. Day et al.*, 46 Iowa, 239, that a contract of this kind is not usurious.

3. USURY: interest on semi-annual installments of interest.

IV. The court taxed an attorney's fee against the defendant, amounting to seventy-five dollars. It is urged that there was no evidence of the reasonable value of the attorney's fee. The mortgage provides that "upon the commencement of foreclosure proceedings, a reasonable attorney fee, not less than fifty dollars, shall become due and payable, and shall be by the court taxed. * * * "

4. ATTORNEY'S fees: contract for: pleadings: judgment.

The plaintiff in his petition claimed an attorney's fee of $75. The defendant by his answer, denied each and every allegation of the petition, excepting such as the answer expressly admitted. There was no admission as to attorney's fees, and the matter was therefore in issue. As there was no showing whatever made as to the reasonableness of the claim for attorney's fees, the court should have allowed the minimum sum which the parties themselves fixed in the mortgage. The decree will be modified so as to allow an attorney's fee of $50, and in all other respects it will be affirmed.

MODIFIED AND AFFIRMED.