## FISHER v. PORTER.[1]

*(Circuit Court, D. Nebraska. February 27, 1885.)*

1. MORTGAGE—REFORMATION AND FORECLOSURE—MISTAKE IN DESCRIPTION OF PROPERTY.

   Where the uncontradicted evidence, in a suit to reform and foreclose a mortgage, shows that there was a mistake made in describing the property intended to be covered by it, the mortgage will be reformed so as to carry out the intention of the parties.

2. SAME—USURY—AGENT RETAINING COMMISSION.

   When an agent who negotiates a loan, secured by mortgage, bearing 10 per cent. interest, which is legal at the time, retains as a commission 10 per cent. of the amount of the loan, the transaction will not be held usurious when it appears that the mortgagee did not share in the commission retained, or agree to do so, and that the agent was acting solely as agent of the mortgagor.

Suit to Reform and Foreclose Mortgage.

*Mayne & Hunter,* for complainant.

*Geo. S. Smith* and *Geo. W. Doane,* for respondent.

DUNDY, J. There was a mistake made in the mortgage, in properly describing the land intended to be covered by it. This is uncontradicted. The mortgage must, therefore, be reformed so as to carry out the intention of the parties.

The defense of usury relied on is not sustained by the proof, especially if the later decisions in this court are to be followed in determining that question. The Porters applied to Tullys, of Council Bluffs, to borrow $1,900. Tullys was a loan broker, whose business it was to procure loans for others, he charging a large commission therefor. The Porters specially employed him to negotiate a loan for them, and agreed to pay him 10 per cent. commission if he procured for them the $1,900 desired. This he did. The money came into his hands, and he retained his commission according to agreement. This he had a right to do, unless he (Tullys) was the agent of Fisher, the mortgagee. Tullys went to Plattsmouth to look after the matter, prepared all the papers, did all the business for the Porters, received the money, kept his commission, and gave to the Porters the balance. There is no testimony in the record that shows that Fisher, the mortgagee, ever received, or was to receive, anything whatever from the Porters, except the principal of $1,900, and interest thereon at 10 per cent. per annum. That was lawful at the time. There is nothing that connects Fisher in any way with the commission retained by Tullys, nor is there anything that shows Fisher even knew of that part of the transaction. Tullys expressly says in his testimony that he was not agent for Fisher, and did not represent him, and that he was acting solely for the Porters. If Fisher had shared in the commission retained, or had agreed to do so, or if Tullys had in any sense been agent for Fisher, then Fisher would be

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

held responsible for Tullys' acts. As it is, he was not responsible therefor.

Decree will be allowed plaintiff for amount due on mortgage, and for taxes paid by him on the land.