## CENTRAL BANKING & TRUST CO. v. PUSEY, et al.

Where a complaint on a note alleged that the makers "jointly and severally" promised to pay the same, it was within the judicial discretion of the trial court to permit an amendment striking the word "severally" from such allegation.

In an action on a joint note, the denial of a continuance to permit the answer to be amended by pleading a defect of parties in that the Democratic state central committee, and that certain members thereof, who never signed the note, should be made parties defendant, was within the judicial discretion of the trial judge.

Under Rev. Civ. Code, § 1187, a release of one or two or more joint debtors does not extinguish the obligations of any of the others, unless they are mere guarantors, nor does it affect their right to contribution from him.

(Opinion filed, June 24, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Central Banking & Trust Company against John Pusey and others, impleaded with J. A. Bowler. Judgment for plaintiff, and defendants Bowler and Ross appeal. Affirmed.

*Joe Kirby*, for appellants. *Winsor & McNaughton*, for respondent.

FULLER, J. This action was to recover the amount due on a joint promissory note for $2,530.24 executed to the respondent bank by the defendants, and, after the entry of judgment by default against John Pusey, Thomas H. Ayers, B. H. Lien, D. G. Medbury, and H. W. Sawyer, each of whom had been personally served, the issues raised by the separate answers of the defendants Ross and J. A. Bowler were tried to a jury, and this appeal is by the latter from a judgment for $1,950, together with costs and from an order overruling his motion for a new trial.

The amendment of the complaint by striking the words "and severally" from the allegation that the makers of the note "jointly and severally" promised to pay the same, and the denial of a continuance to permit the answer to be amended, by pleading a defect of parties, in that the Democratic state central committee and certain members thereof who never signed the instrument should be made defendants, were matters clearly within judicial discretion, and there is no merit in the assignments of error based thereon and urged for a reversal on this appeal.

It was shown by the evidence that the defendants Pusey and Medbury as chairmen, and defendant Ayers, as secretary, of the Democratic state central committee during the year 1900, established headquarters in the city of Sioux Falls, and opened an account with respondent bank, with the express understanding that their checks were to be honored, although the daily expense exceeded the contributions received, and at the close of the political campaign they, together with other prominent members of the party, were to furnish a bankable promissory note to cover the overdraft, and it is undisputed that the instrument in suit was accordingly executed and delivered without the solicitation or assistance of the respondent and payee named therein. It is alleged in the answer and shown by the evidence that on the 3d day of November, 1900, the defendant R. F. Pettigrew paid $1,000 which was received and indorsed upon the back of the note by respondent in consideration of his release from all further liability to the bank, and by this act it is urged that his co-obligors are wholly exonerated from liability. Whatever may have been the rule at common law, the point has been settled adversely to such contention by

section 1187 of the Revised Civil Code: "A release of one of two or more joint debtors does not extinguish the obligations of any of the others, unless they are mere guarantors; nor does it effect their right to contribution from him." As a further and complete defense appellant's version of the transaction is stated in his answer as follows: "The plaintiff having permitted a certain political campaign committee which was looking after the 1900 general election to make overdrafts upon it, as a bank, for large amounts, in order to secure the same prepared, or had prepared the note sued on herein, and this defendant was requested to sign the same as one of 25 persons, named and agreed upon at the time, and that, in addition to the persons named as defendants in this action, it was agreed that the following named persons among others were to sign the same, namely: Andrew E. Lee, Homer W. Johnson, Edward S. Johnson, H. H. Smith, Joseph B. Moore, Chauncey L. Wood, John R. Wilson, L. N. Crill, W. A. Lynch, T. H. Null and others—but that said persons nor either of them signed the said note, although it was distinctly agreed and understood that said paper was not to be delivered nor become effective or binding as the promise or obligation of this defendant until signed by at least 25 signers, including those last above named, but that said plaintiff, instead of living up to said agreement to obtain and secure the said other signatures to said note before using the same, which was a condition precedent, wrongfully and fraudulently diverted said alleged note from the purposes for which it was signed, and is now fraudulently using and holding the same against this defendant as his promissory note, when in truth and in fact, for the reasons before stated, it is not such." Now, the record contains evidence, sufficient to justify the jury in finding that no such agreement ever existed between the makers and payee of the note procured by the defendants Pusey, Medbury, and Ayers to carry out their promise to thus secure the overdraft, and that appellant, whose tenure of a lucrative appointive office apparently depended on the success of his political party, became the last signer of the instru-

ment under circumstances that make it effective according to its terms.

As the defense pleaded was not proved, and appellant's liability was clearly established at a trial where no errors of law occurred, the judgment appealed from is affirmed.