DEERE & WEBBER CO., Respondents, v. BRITZIUS et al, Appellants.

### (194 N. W. 834.)

(File No. 5222.   Opinion filed July 19, 1923.)

1.  **Bills and Notes—Corporations—Consideration—Extension of Time Held Sufficient Consideration for Indorsement on Renewal Notes.**

    Where officers and stockholders of a corporation, indebted upon certain past-due notes, indorsed a new set of notes, providing for an extension of time, because the holder of the original notes threatened suit, the indorsements on the new notes were supported by a sufficient consideration.

2.  **Guaranty—Bills and Notes—New Consideration to Support Guaranty of Payment of Renewal Notes Unnecessary.**

    Where officers and stockholders of a corporation, indebted upon past-due notes, guaranteed the payment of a set of renewal notes, no new consideration was needed to support the guaranty, in view of Rev. Code 1919, Sec. 1476, providing that where a guaranty is entered into at the time of the acceptance of the obligation by the guarantor, and forms a part of the consideration to him, no other consideration need exist.

3.  **Bills and Notes—Waiver—Notice of Dishonor—Consideration—Waiver of Notice of Dishonor Before Maturity Does Not Require Consideration.**

    Under Rev. Code 1919, Sec. 1812, a waiver of notice of dishonor made before maturity does not require a consideration.

Appeal from Circuit Court, Marshall County; Hon. B. A. Walton, Judge.

Action by the Deere & Webber Company against Edward Britzius and others. Judgment for plaintiff, a new trial was denied, and defendants appeal. Affirmed.

*Otto L. Kaas* and *Harold W. King,* both of Britton, for Appellants.

*Buell F. Jones,* of Britton, *Benj. D. Mintener,* of Rapid City, and *F. N. Furber,* of Minneapolis, Minn., for Respondent.

Appellant cited: 7 R. C. L. 494; Rev. Code 1919, Sec. 1474; Rev. Code 1919, Sec. 1476; Bank of Carrolton v. Latting, 44 L. R. A. (N. S.) 481

Respondent cited: Rev. Code 1919, Sec. 840; Bower v. Jones, 26 S. D. 4414; Bank v. Lamont, 5 N. D. 393; Redriver Valley National Bank v. Barnes, 8 N. D. 432; Bower v. Jones, 26 S. D. 414; 32 Cyc. 55; 6 Am. & Eng. Enc. 48.

GATES, J. On January 20, 1921, the Kidder Garage, Incorporated, was indebted to plaintiff upon a past-due open account in the sum of $3,449.31, and upon its promissory note $868.75, dated September 22, 1920, and not then past due. On February 20, 1921, the defendants, who were officers and stockholders of the Kidder Garage, indorsed said promissory note and indorsed three other promissory notes, aggregating $3,449.31, that day executed by the corporation but dated January 20, 1921, and due respectively on April 15, June 1, and September 15, 1921. The consideration of the indorsement of said four promissory notes was the extension of the time of payment of the past-due indebtedness. The plaintiff refused to accept the notes, for the reason that it insisted upon a guaranty of payment and a waiver of demand and notice of protest. Accordingly the plaintiff canceled and returned to the Kidder corporation the four promissory notes and prepared four new promissory notes of like date and amount as the old ones. These were signed by the corporation, and a guaranty clause and waiver of demand and notice of protest was signed by defendants on the back of said notes in March, 1921, or in the spring of 1921. The evidence on behalf of defendants tended to show that this guaranty and waiver clause was signed by defendants so that plaintiff could hypothecate the notes. This

action was brought against the guarantors to recover the amount due on said last-mentioned four promissory notes, less payments made.

From a judgment entered pursuant to a directed verdict in favor of plaintiff, and from an order denying new trial; defendants appeal.

The defense urged was and is the want of consideration moving to the guarantors, and that they guaranteed the last set of notes and waived notice of protest simply as an accommodation to plaintiff.

[1]   The only difference in legal effect between the first set of notes and the last was that while on the former they were liable as simple indorsers on the last they waived demand and notice of protest.   It is undisputed that the first set of notes was indorsed by defendants because plaintiff threatened suit on the past due debt if they did not, and that an extension of time of payment would be granted if they would.   That was a sufficient consideration for the indorsement of the first set.   Moreover, section 1476, Rev. Code 1919, provides:

"Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms, with that obligation, a part of the consideration to him, no other consideration need exist.   In all other cases there must be a consideration distinct from that of the original obligation."

[2]   While the guaranty in this case was not entered into at the time the first set of notes was executed, such guaranty was entered into at the time of the acceptance of the notes by plaintiff (the first set having been canceled and returned).   Therefore no new consideration was needed to support the guaranty.

[3]   By the provision of the Negotiable Instruments Law (section 1812, Rev. Code 1919), notice of dishonor may be waived either before or after maturity.   While there are decisions to the effect that a waiver after maturity must be supported by a consideration, the rule is established that a waiver before maturity does not require a consideration.   8 C. J. 698; 3 R. C. L. 1237.   In this case the guaranty and waiver clause was attached before the maturity of the obligation as evidenced by the first set of notes, therefore no new consideration was required.   We are of the

opinion that the court did not err in directing a verdict for plaintiff.

The judgment and order appealed from are affirmed.

Note.—Reported in 194 N. W. 834. See, Headnote (1), American Key-Numbered Digest, Bills and Notes, Key-No. 226, 8 C. J. Sec. 371; (2) Guaranty, Key-No. 16(3), 28 C. J. Sec. 50; (3) Bills and Notes, Key-No. 422(1), 8 C. J. Sec. 982.

On necessity of new consideration to support waiver of failure to give notice of dishonor or subsequent promise by indorser, see note in 29 L. R. A. 305.