WILLIAM MALLORY *v.* COLUMBIA MORTGAGE & TRUST CO.*

(*Nashville.* December Term, 1923.)

1. **BILLS AND NOTES.** Suit unnecessary to fix liability against maker for reasonable value of attorney's services.

   It is not necessary that suit should be brought on note carrying a provision that if "placed in the hands of an attorney for collection by suit or otherwise or to enforce its collection or to protect security for its payment" in order to fix liability against maker for reasonable value of services rendered by an attorney. (*Post, pp.* 222, 223.)

2. **USURY.** Writing as to contract to obtain loan must control over parol agreement.

   Writing, "having employed you to negotiate for me a loan of $17,500. I agree to pay you out of the proceeds of said loan $850 as a commission," must control over parol verbal agreement that promisee was to be lender of money borrowed. (*Post, p.* 223.)

3. **USURY.** Payment of commission does not make transaction usurious.

   Payment to a broker or agent of borrower of a fee or commission for services in procuring loan itself bearing legal rate of interest only does not make transaction usurious. (*Post, p.* 224.)

4. **USURY.** Court will disregard form and look to substance.

   In determining whether or not a given transaction is usurious, court will disregard form and look to substance. (*Post, pp.* 224, 225.)

---

*On general characteristics and essentials of usury, see comprehensive note in 21 A. L. R., 797 et seq.

On commissions charged by lender's agent as usury, see notes in 19 L. R. A. (N. S.), 391; 46 L. R. A. (N. S.), 1157.

5.  **USURY.** Good faith decisive factor, when compensation is exacted by intermediary.

    Good faith is decisive factor, when compensation is exacted and received by intermediary in addition to legal rate. (*Post, pp.* 224, 225.)

6.  **USURY.** That broker advances money on loan with intention of disposing of it forthwith does not make transaction usurious.

    Fact that broker or agent of borrower advances money on loan, with intention of disposing of it forthwith, and does so, does not convert commission into usurious payment for use of money. (*Post, p.* 225).

    Cases cited and approved: In Re Williams, 252 Fed., 924; Hawley v. Howell, 60 Iowa; 79; Hughes v. Griswold, 82 Ga., 299; Talbott v. Maynard, 106 Tenn., 60.

7.  **USURY.** Splitting of commissions by agent or broker of borrower makes loan usurious.

    Generally, splitting of commissions by agent or broker of borrower with lender makes loan usurious. (*Post, pp.* 225, 226.)

    Cases cited and approved: Fisher v. Porter, 23 Fed., 162; Jones v. Phillippe, 135 Ark., 578; Harrison v. Stiles, 95 Ga., 264.

8.  **USURY.** Subsequent payment by broker to lender did not relate back so as to taint original transaction.

    Subsequent payment by borrower's broker to lender, in effect a splitting of commission with lender, did not so relate back as to taint with usury original transaction whereby loan was made in name of broker with intention of placing it immediately with lender, who unexpectedly refused to take it without a splitting of commission. (*Post, pp.* 226, 227.)

FROM SHELBY.

Mallory v. Columbia Mortgage & Trust Co.

*Headnote 1. 8 C. J., Bills and Notes, § 1433; 2. 39 Cyc, Usury, p. 1054 (1925 Anno); 3. 39 Cyc, Usury, p. 978; 4. 39 Cyc, Usury, p. 918; 5. 39 Cyc, Usury, p. 971 (1925 Anno); 6. 39 Cyc, Usury, p. 978 (1925 Anno); 7. 39 Cyc, Usury, p. 974; 8. 39 Cyc, Usury, p. 974.

Appeal from the Chancery Court of Shelby County.— HON. D. W. DeHaven, Special Chancellor.

Edgington & Edgington, for appellants.

Wm. W. Swift and Norman M. Byars, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

By his original and amended bills the complainant sought to recover two attorney fees of $500 and $50 respectively, and a commission of $850 paid by him in connection with a loan on real estate owned by him. The complainant engaged the defendant corporation, through its officers, to negotiate and secure for him a loan of $17,500, and contracted in writing at the time to pay the defendant for its services as a commission $850. The complainant defaulted in his payment on the loan, which at that time was owned and held by a foreign insurance company, and the past-due notes were placed in the hands of attorneys, selected by and associated with the defendant, for collection. Subsequently the complainant arranged to place his loan elsewhere, and in this connection effected a settlement through the defendant, not only taking up the principal and interest of the loan owned by the insurance company, but also paying the attorney fee items for which he has brought suit.

With respect to the claim made for recovery of these items of fees, it is quite apparent that very substantial services were rendered by the attorneys to whom these payments were made. This is particularly clear as to the item of $500. It is true that no suit was brought, and it is also true that the indebtedness was secured by mortgage in trust deed form, but the notes expressly provided for payment by the maker of attorneys' fees, if "placed in hands of an attorney for collection by suit, or otherwise, or to enforce its collection, or to protect the security for its payment," and it is well established that it is not necessary that suit should be brought on a note carrying this form of attorney's fee provision, in order to fix liability against the maker for the reasonable value of the services rendered by an attorney in whose hands the note is placed for collection. The general rule is thus stated in C. J., p. 1099:

"Unless the clause authorizing attorney's fees is contrarily worded, they may be collected where the instrument is placed in the hands of an attorney for collection although no suit is brought."

There is nothing in our Tennessee cases, and, indeed, no authority of which we are aware, to the contrary. The case of *Tyler* v. *Walker* is not in point. The note in that case provided for the payment of fees only "if suit is brought on this note," and in other respects this case is inapplicable to the facts before us. It is apparent that, when the original bill was filed, seeking to recover this $500, complainant was under the impression that the money had been received and appropriated, in part at least, by the defendant corporation, but the facts disclose clearly that this was not the case. We hardly think it is

Mallory v. Columbia Mortgage & Trust Co.

intended to be seriously insisted that no attorneys' fees at all were rightfully retained, but the real question made is with respect to the alleged excessiveness of the charges. As before indicated, we find that considerable services were rendered by the attorneys to whom this money was paid; the total amount involved was large, and we are of opinion that the decree of the chancellor with respect to this item is sustained by these facts as well as by the expert testimony in the record as to the value of these services.

While the extent of the services rendered for which the item of $50 was paid is not so clearly set forth in the record, we are not disposed to disturb the finding of the chancellor with respect thereto. The situation was somewhat complicated and this item small, and a large degree of discretion is properly vested in the chancellor in such cases.

With respect to the item of $850 paid by the complainant to the defendant as a commission it is impossible to accept the contention of the complainant that the defendant was to be the lender of the money borrowed, and that six per cent. interest was to be the exclusive charge, in view of the written agreement in the record signed by him. While complainant and defendant's officers differ as to a preliminary street conversation, it is conceded that a contract employing defendant was thereafter, and before the loan was made, signed by complainant, which contained this unequivocal language:

"Having employed you to negotiate for me a loan of $17,500, I agree to pay you out of the proceeds of said loan $850 as a commission," etc.

This writing must control.

Payment to a broker or agent of the borrower of a fee or commission for services in procuring a loan itself bearing the legal rate of interest only, does not make the transaction usurious.

"When the borrower employs an agent to procure a loan, he is justly obligated to pay for that agent's services and such payments can in no case render a loan usurious." 39 Cyc., p. 978.

Also note in 21 A. L. R., p. 823, and authorities there cited.

Circumstances are relied on to take the present case out of this general rule. The defendant agent was made the payee of the mortgage note evidencing the borrowed money; also it appears that the borrowed money was temporarily advanced by the defendant pending the placing of the loan; and, too, the defendant, subsequently having encountered unexpected difficulty in placing the loan, thereupon made to the lender an additional payment of a sum equal to one-half of one per cent. in excess of the legal rate as an inducement to the sale of the mortgage, this payment being presumably made out of the commission which had been paid.

In determining whether or not a given transaction is tainted with usury it is generally held that the court will disregard the form and look to the substance. Good faith is the decisive factor when compensation is exacted and received by an intermediary in addition to the legal rate. Applying this principle, the authorities hold that—

"The payment of a commission to the borrower's agent or broker will not render the loan usurious, even though

the security for the loan is, for purposes of convenience, taken in the name of the agent, where there is no intention that the agent shall himself make the loan.'' Note, 21 A. L. R., p. 827, and authorities cited.

It is also held that the fact that the broker or agent of the borrower advances the money on the loan with the intention of disposing of it forthwith, and does so, does not convert the commission into a usurious payment for the use of the money. *In Re Williams* (D. C.), 252 Fed., 924; *Hawley* v. *Howell,* 60 Iowa, 79, 14 N. W., 199; *Hughes* v. *Griswold,* 82 Ga., 299, 9 S. E., 1092.

The opinion in *Talbott* v. *Maynard,* 106 Tenn., 60, 59 S. W., 340, is not in conflict with this view, but tends rather to sustain it. In that case Maynard charged a commission for negotiating a loan for Talbott, but retained the loan for himself permanently, with the result that he became the beneficiary of both the sum paid as a commission and that paid as interest. He who receives compensation for the use of money is limited by the usury laws to the legal rate, and he may not lawfully collect as commission, or in other form, any excess. In the case at bar we think it satisfactorily appears that the taking of the note to the defendant as payee was for convenience in negotiation only, and that the advance made temporarily to the 'borrower was for his convenience; and that neither of these circumstances prove a design to evade the usury laws, but are consistent with the theory of the defendant that it was acting as a broker or agent only, and was therefore legitimately entitled to collect a commission charge.

However, it further appears that, after having made the advancement to the complainant of the amount of the

loan, less its commission, in expectation of placing it immediately with the insurance company with which defendant had formerly placed other loans at six per cent., difficulty was unexpectedly experienced in getting the insurance company to take it, apparently because of the suburban location of the mortgaged property. After some negotiation, the defendant paid to the insurance company, presumably from its commission theretofore charged, a sum as additional compensation sufficient to yield to the lending insurance company a total of six and one-half per cent, for the use of the money. The general rule is that a splitting of commissions by the agent or broker with the lender makes the loan usurious. *Fisher* v. *Porter* (C. C.), 23 Fed., 162; *Jones* v. *Phillippe,* 135 Ark., 578, 206 S. W., 40; *Harrison* v. *Stiles,* 95 Ga., 264, 22 S. E., 536.

But, granting this to be the general rule, can the complainant recover this commission from the defendant in this case? We think not. Conceding an original good faith and lawful payment of this $850 by complainant to defendant as a commission for services to be rendered in negotiating a loan, it follows that complainant may not recover this sum from the defendant, whatever may be his rights as against the lending insurance company, a question now not necessary to decide. The subsequent payment by the defendant to the lender did not so relate back as to taint with usury the original transaction, on the facts here appearing. A different conclusion would be inconsistent with the finding of good faith in the original transaction heretofore announced. The payment and receipt of the $850 being originally untainted, a sub-

sequent application, not then contemplated, made on the happening of contingencies not foreseen, of a portion of the fund, could not be held to so affect the transaction as between these parties as to make the defendant liable for the repayment of this commission.

The assignments must be overruled, and the decree of the chancellor affirmed.