In Re ROBINSON'S ESTATE.

ROBINSON, Appellant, v. COOKE, et al, Respondents.

(251 N. W. 300.)

(File No. 7553. Opinion filed December 5, 1933.)

*Bruell & Henderson,* of Redfield, for Appellant.
*Sterling, Clark & Grigsby,* of Redfield, for Respondents.

WARREN, J. The Frankfort Farmers' Elevator Company, a corporation, while engaged in business, was in need of money with which to conduct its business, and, in order to obtain the nec-

essary funds, executed four promissory notes. The contents of the notes become material in passing upon the assignments touching the validity of said notes. The promissory note given to M. E. Cooke is therefore set out in hæc verba:

"No. ———  Frankfort, S. D., January 30, 1927.

"On the 30th day of July, 1927, without grace, for value received, I, we, or either of us promise to pay to the order of M. E. Cooke, Frankfort, S. Dak., Five Thousand and no/100 Dollars at the Redfield National Bank, Redfield, S. Dak., with interest at the rate of 8 per cent per annum from date, payable annually. All principal and interest shall bear interest at the rate of ten per cent per annum after due, payable annually.

"The makers, endorsers and guarantors of this note and sureties hereon, severally waive presentment for payment, protest and notice of dishonor, and consent that the time of its payment may be extended without notice, as defense on the ground of any extension of time of payment being hereby expressly waived.

"Frankfort Farmers' Elevator Company,
"By O. A. Robinson, President.
"By Mack Reynolds, Secretary.
"P. O. Frankfort, S. D."

A portion of the stipulation pertaining to said note appears in the record immediately following said note and is as follows:

"And that before said note was delivered to the said M. E. Cooke or accepted by him the defendants Fred Bickness, Mack Reynolds, Chas. J. Deiter, S. W. Shaw, D. W. Jones, W. B. Fogelson and O. A. Robinson signed said promissory note on the back thereof and that said promissory note so executed, delivered and endorsed was delivered to M. E. Cooke of Frankfort, S. D., in exchange for value received on the part of the Frankfort Farmers Elevator Company and that said M. E. Cooke has at all time been and is now the owner and holder of said promissory note and that no part thereof has been paid except interest thereon to the 30th day of January, 1930. That the Frankfort Farmers Elevator was at the time a corporate organization existing under and by virtue of the laws of the State of South Dakota, and engaged in the business of buying and selling grain, coal and feed at Frankfort, Spink County, South Dakota, and that at the time of the

execution and delivery of said promissory note O. A. Robinson was president of said corporation and Mack Reynolds was secretary thereof, and that Fred Bickness, Chas. J. Deiter, S. W. Shaw, D. W. Jones and W. B. Fogleson were directors thereof."

O. A. Robinson, the president of the corporation and a member of the board of directors, died April 20, 1927. Letters of administration were issued to his widow, Barbara M. Robinson, on June 4, 1927. Notice to creditors was published and thereafter the four promissory notes were presented as separate claims to the administratrix. The M. E. Cooke note for $5,000 was filed and presented to the administratrix on July 25, 1927. The B. E. Alger claim was presented to the administratrix on August 10, 1927. It consisted of a $5,000 note bearing interest at the rate of 8 per cent per annum from date, payable semiannually. The wording in effect, excepting as to interest, is practically the same as the M. E. Cooke note. This note was due July 6, 1926, and the interest was paid by the corporation up to June 7, 1930. The U. H. Cooke promissory note was for the sum of $4,250 and was made December 31, 1925, and due the 31st day of December, 1926. The rate of interest was 10 per cent per annum from date, payable semiannually, all principal and interest bearing interest at the rate of 10 per cent per annum after due, payable semiannually. Interest seems to have been paid by the corporation up to January 1, 1930. The written claim was presented to the administratrix on July 25, 1927. The wording of the note is, in substance, the same as the M. E. Cooke note. The promissory note dated January 2, 1924, in the sum of $2,000, made by the corporation and indorsed by several persons including O. A. Robinson, was signed, executed, and delivered to Mike Michels. It bears interest at 8 per cent per annum payable semiannually and provides that all principal and interest shall bear interest at the rate of 10 per cent per annum after due, payable semiannually. The written claim was presented to the administratrix on July 25, 1927. Interest seems to have been paid by the corporation to January 2, 1930. The four claims so presented remained with the administratrix without any affirmative action on her part until the 15th of May, 1931, when they were rejected. Various grounds of rejection were interposed by the administratrix in disallowing the claims. The grounds urged to the M. E. Cooke claim were as follows:

"The undersigned administratrix of the estate of Oliver A. Robinson, deceased, herewith rejects a certain claim presented to said administration on behalf of M. E. Cooke, upon a $5,000 note dated January 30th, 1927, purporting to be executed by the Frankfort Farmers Elevator Company and endorsed upon the back thereof by Fred Bickness, Mack Reynolds, Chas. J. Deiter, S. W. Shaw, D. W. Jones, W. B. Fogleson and O. A. Robinson. That said claim is rejected for the following reasons:

"First, that it is not a debt of Oliver A. Robinson, deceased.

"Second, that there was no consideration for his endorsement thereon, if he did endorse the same.

"Third, that when said claim became due on July 30th, 1927, he was deceased and the undersigned was the duly qualified and acting administratrix of his estate, and said note was not presented to said administratrix for payment at maturity and said note was not presented to the maker at maturity.

"Fourth, that presentment for payment to the maker at maturity was not waived by any endorser.

"Fifth, that said note has already been reduced to judgment as against the maker thereof and Fred Bickness, Charles J. Deiter, S. W. Shaw, D. W. Jones, and W. B. Fogleson, and all right thereunder has been adjudicated and the administratrix of the Oliver A. Robinson Estate was not made a party to said suit and the plaintiff has no independent right to sue said estate or the administratrix thereof by reason of the foregoing facts and said claim is therefore rejected."

The record discloses that objections were made by the administratrix in rejecting all of the claims consisting principally of the failure to make due presentment; that no liability could attach to the Robinson estate because of the fact that judgment had been obtained by the holders of claims against the other indorsers and while the matter of the allowance of the claims was still in the hands of the administratrix. Usury is also urged and further that the claims are barred by virtue of the statute of limitations; that notice of dishonor of said notes was never waived by Robinson or by the administratrix of said estate; that there was no consideration for said indorsement of said notes by Robinson.

After the claims had been rejected, the administratrix presented a final report to the county court, and, among other things

stated that she had rejected the four claims on May 15, 1931. The county court ordered a hearing upon the rejected claims and on the 19th of October, 1931, held a hearing thereon. Later the county court held each of the claims to be a valid obligation against the estate of Robinson. The administratrix thereafter appealed to the circuit court and certain stipulation of facts were entered into and presented to the court. The circuit court affirmed the order of the county court. The administratrix has appealed from the judgment of the circuit court affirming the order of the county court in the allowance of the four claims.

Appellant challenges certain findings of fact wherein the court found: "That for the purpose of inducing said M. E. Cooke to accept said note and part with the consideration therefor, certain officers and directors of the Frankfort Farmers Elevator Company, including O. A. Robinson, signed said promissory note on the back thereof and that said note executed and endorsed was delivered to M. E. Cooke in exchange for value received on the part of the Frankfort Farmers Elevator," and alleges that said finding is not a finding of fact but a conclusion and that there is no evidence of a competent nature to support such a finding.

We have carefully examined the record and conclude that this finding made by the court is supported by the record. The same is true of assignments II, III, and IV, which raise substantially the same issues.

Appellant urges error upon the fact that presentment for payment and notice of dishonor was not given to the indorsers or either of them and that the notes were not presented for payment to Barbara M. Robinson until the proof of claim was filed with her and that the notes were never presented to O. A. Robinson during his lifetime for payment, and, in support thereof, appellant has cited certain sections of the 1919 S. D. Revised Code relating to the giving of notice of dishonor by nonacceptance or nonpayment to indorsers or their representatives.

One of the promissory notes was set forth in hæc verba in the beginning of this opinion. It will be observed that there are certain waivers therein which are sanctioned by certain Code provisions, namely sections 1810, 1812, and 1813 of the 1919 South Dakota Revised Code. An examination of the waiver contained

within the promissory notes in question discloses the fact that there is a full and complete waiver by the makers, indorsers, guarantors, and sureties thereon and that each of them, by becoming a party to and by placing his signature thereon, completely waived and surrendered any rights now contended for by appellant under this particular assignment.

We have examined the authorities cited by appellant and find they pertain to joint obligations as distinguished from joint and several obligations and generally relate to a discharge of one of the obligors before judgment. However, the release of one joint debtor whether he be a judgment debtor or a joint maker and indorser of a note does not release or extinguish the obligations of the other under the laws of our state. Section 794, 1919 S. D. R. C., provides as follows:

"A release of one of two or more joint debtors does not extinguish the obligations of any of the others, unless they are mere guarantors; nor does it affect their right to contribution from him."

Our court construed this same section in the case of Central Banking & Trust Company v. Pusey et al, 22 S. D. 223, 116 N. W. 1126. See, also, Wristen v. Curtiss et al, 76 Cal. 6, 18 P. 81, construing a similar California statute.

Robinson was a stockholder of the Frankfort Farmers' Elevator Company and the money for which the notes were given was obtained for the use and benefit of that corporation. The indorsers, including Robinson, obtained the loans on the strength of their individual indorsements. It seems to be undisputed that the guarantee by indorsements was entered into at the same time of the orginal obligations. Section 1476, 1919 S. D. Revised Code, provides that where the guarantee is entered into at the same time with the original obligation or with the acceptance of the latter by the guarantee and forms, with the obligations, a part of the consideration to him, no other consideration need exist. It is therefore quite apparent that there was a valid consideration for the signing, making, and indorsing of the notes in question. Deere & Webber Co. v. Britzius et al, 46 S. D. 507, 194 N. W. 834.

The administratrix made a report of the four rejected claims. Upon the hearing thereon, the county court allowed the claims in a certain amount, which amount is immaterial. Thereafter the

administratrix, now appellant, appealed to the circuit court. She now challenges the proceedings in the circuit court contending that there can be no recovery on these claims because none of the claimants brought suit against the administratrix after the claims were rejected by her. She cites section 3395 of the 1919 S. D. Revised Code. We are unable to see how that section can be applicable as said section was apparently enacted to cover matters far different than the issues before us in this case. The claims before us were not rejected by the county court. True, the administratrix disallowed the claims, but the county court allowed the same. Upon the allowance of the claims by the county court the claimants became judgment holders against the estate and no suit or further action by them would be necessary as the determination by the county court completely adjudicated the claim or claims against the decedent's estate and the payments thereof could, as a natural consequence, be enforced and exhausted from the decedent's property during the course of administration. The county court was justified in allowing the claims under and pursuant to the powers granted by our statutes and especially section 3393 of the 1919 S. D. Revised Code.

In the allowance of these claims appellant has questioned the jurisdiction of the county court, contending that the county court has no jurisdiction to allow claims exceeding the sum of $1,000. Section 20, article 5, of the Constitution, reads as follows:

"Provided, that such courts shall not have jurisdiction in any case where the debt, damage, claim or value of property involved shall exceed one thousand dollars, except in matters of probate, guardianship and the estates of deceased persons."

The allowance of claims against an estate surely is a matter of probate in an estate of a deceased person and does not depend on the civil jurisdiction of the county court and falls within the sixth paragraph or subdivision of section 3172 of the 1919 S. D. Revised Code which reads: "To order the payment of debts due from estates."

This last subdivision clearly falls within the exception of the section of the Constitution just quoted and is inclosed in "except in matters of probate, guardianship and the estates of deceased persons." The constitutional provision itself plainly makes the distinc-

tion between its civil jurisdictional amount and the amount which may be involved when claims against the estate are presented, as expressed in section 3172, enumerating the jurisdiction and powers of county courts in which power is granted to the county court to order the payment of debts due from estates.

Suits were instituted against all of the indorsers of the promissory notes and judgments recovered against all of them except the indorser, O. A. Robinson. Respondents contend that suit was not brought against the indorser, Robinson, for the reason that his estate was then in the process of being probated in the county court and that the claims had been filed and were pending and undecided. Under the holding in Murray v. Johnson, 28 S. D. 571, 134 N. W. 206, the respondents were precluded from pursuing an additional remedy against O. A. Robinson or his heirs or assigns. The claims were then pending and no action could be commenced until the rejection of the claims by the administratrix either by operation of statute or by the written objection indorsed thereon.

Under the powers granted by section 2316 of the 1919 S. D. Revised Code the claimants were fully authorized to proceed against the other indorsers without joining the appellant in her representative capacity in the same suits and the fact that judgments were obtained against the other indorsers would not be a bar to the allowance of the claims against the decedent's estate and recovery thereon.

Error is predicated upon the allowance of the several claims by the court because of the insufficiency of the proof of claims against the indorsers as provided by section 3390. Examining said proof of claims in conjunction with section 3390, we feel that the court was fully justified in finding that all of the proof of claims were sufficient and complied with the statutory requirements. The proofs of claims, together with the annexed notes which were the exhibits which showed the payments that had been made and the matters appearing upon the face of said notes, were in all respects sufficient to inform the administratrix as to the nature and amounts of the claims so that she might be able to act intelligently in the matter.

At the time of the death of Robinson, each of the notes remained wholly unpaid. The claims were presented to the adminis-

tratrix. We feel that none of the claims was barred by the statute of limitations when presented to the administratrix. In fact it appears that only about three years of the statute of limitations had run upon the Michels note at the time the claims were presented and that the others were even more favorable. Under the peculiar wording of the different sections of our statutes as to time when claims shall be presented and the procedure for the allowance of claims by the administratrix and the county court, it seems clear that, after a claim is presented to the administratrix before the statutory time of limitations has run that the time after the receipt of the claim by the administratrix will not permit the claim to outlaw. The statute of limitations tolls at the very moment the claim is presented. The time which the administratrix or the court consumes in considering the allowance or disallowance of the claim cannot be computed as a part of the limitation in which to complete the proceedings for the adjudication of the claim. It must be regarded as a complete rest or toll of the statute during the time of such consideration by the administratrix and county court. Nally v. McDonald, 66 Cal. 530, 6 P. 390. See note 35 to section 1955, bb, 24 C. J. 785.

The record, as offered by the appellant, shows that the Michels note bore 12 per cent interest after due. The respondents challenge the correctness of appellant's abstract and have furnished additional abstract claiming that appellant's abstract is imperfect, incomplete, and unfair and among respondents' additional statements we find that the Michels promissory note bears interest at the rate of 8 per cent per annum, from date, payable semiannually, and that the principal and interest shall bear interest at the rate of 10 per cent per annum after due, payable semiannually. In support of the additional statement in the brief by respondents, they state that there is no 12 per cent clause whatever in the Michels note. The appellant in her reply brief does not dispute the correctness of the contents of said promissory note incorporated in the additional statement.

Rule No. 7 of the Supreme Court of this state is quite clear and concise and governs the issue concerning the disputed contents of the Michels promissory note in regard to the rate of interest. A portion of rule No. 7 which is pertinent is as follows: " * * * If appellant desires to dispute the correctness of the whole or any

part of the respondent's statement of the contents of the settled record, he shall include in such reply brief an additional statement calling attention to the particulars wherein he claims respondent's statements to be inaccurate or untrue and carefully referring to the pages of the settled record where the correctness of such reply statement may be verified. When appellant in his reply brief, questions the correctness of respondent's statement, he shall forthwith direct the clerk of the trial court to forward the settled record to this court."

The foregoing rule No. 7 was construed in Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923, 925, as follows: "Let it always be borne in mind that this court will treat as a verity all statements contained in that part of appellant's brief purporting to be a statement of the record not disputed in respondent's brief; that all additions to or corrections of such statements suggested in respondent's brief will be taken as correct unless disputed in a reply brief; that it is only in case of a reply brief presenting a dispute as to the record, that this court will examine the original record for the purpose of ascertaining the truth."

Applying Supreme Court Rule No. 7, it is obvious that the Michels promissory note must be construed as bearing interest at 10 per cent per annum as indicated by the respondents.

Appellant contends that the promissory notes upon which the claims are founded are usurious and that there should be an offset for the amount of usurious interest paid from time to time or for the amount of any interest because all of the interest is usurious and is forfeited.

Section 1040 of the S. D. Revised Code of 1919 was amended by chapter 211 of the 1923 Session Laws of South Dakota and that portion in effect and governing the lawful rate of interest on the promissory notes before us is as follows: "The highest rate of interest which it shall be lawful for any person to take, receive, retain or contract for in this state, shall be ten per cent (10%) per annum, and at the same rate for a shorter time. * * * "

The rate of interest in the promissory notes in question is within the rate prescribed by our statutes in effect during the period of the existence of said notes. This court has dealt with and decided by previous decisions the subject of parties contracting for

the payment of interest on past due interest and in an early territorial decision in Hovey v. Edmison et al, 3 Dak. 449, 22 N. W. 594, the court reviewed at length decisions of other courts and came to the conclusion that a promissory note providing for the payment of interest annually and stipulating that each annual installment of interest not paid when due should bear interest at a specified rate from the time it fell due until paid, was valid and legal. In arriving at its decision our territorial court saw fit to follow and drew largely from the reasoning in a North Carolina case, Bledsoe v. Nixon, 69 N. C. 89, 92, 12 Am. Rep. 642. The rule of law announced by the North Carolina court is applicable to the facts in the case at bar and is as follows:

"In our opinion the doctrine that 'when there is an agreement set out in the note for the payment of interest annually or semi-annually, the maker is chargeable with interest at the like rate upon each deferred payment of interest in like manner as if he had given a promissory note for the same amount,' is sound on principle. By this mode of computation compound interest is not given. But a middle course is taken between simple and compound interest.

"In mediam viam tutissimus ibis. By computing interest in this way effect is given to the stipulation to pay interest at fixed times; whereas, if simple interest be computed no effect whatever is given to the stipulation in regard to interest, and the Court assumes the power to expunge it as surplusage, although it is manifest that the parties intended it to have some effect."

In Goodale v. Wallace et al, 19 S. D. 405, 103 N. W. 651, 653, 117 Am. St. 962, 9 Ann. Cas. 545, our Supreme Court, again adhering to the doctrine announced in Hovey v. Edmison, supra, said as follows:

"The provision in contracts for the payment of a simple interest upon accrued interest on notes and obligations does not in this state constitute usury.

"This question was decided by the late territorial Supreme Court in Hovey v. Edmison, 3 Dak. 449, 22 N. W. 594. In that case it was held by the court that a promissory note providing for the payment of interest annually, and stipulating that each annual installment of interest not paid when due should bear interest at a specified rate from the time it fell due until paid, was valid and

legal. This has since been the law in this territory and state, and we see no reason for overruling that decision."

The Supreme Court of Washington in reviewing the various authorities and in its decision in Cissna Loan Company v. Gawley, 87 Wash. 438, 151 P. 792, 793, L. R. A. 1916B, 807, Ann. Cas. 1917D, 722, said: " * * * And the courts generally hold that stipulations in the contract to the effect that default in the payment of interest, or of an installment of the principal, shall accelerate the maturity of the entire debt, are not usurious, even though the contract, if enforced according to the terms of the default, will result in giving the lender a rate of interest greater than the maximum statutory rate. They regard the excessive rate after maturity as in the nature of liquidated damages or penalties, to be enforced only to the extent that they are not unconscionable."

See, also, Parks v. Lubbock (Tex. Civ. App.) 50 S. W. 466.

An examination of the authorities seems to indicate that an agreement to pay interest semiannually and, if not paid when due, the interest payments to draw compound interest, is not usurious since it is not an absolute agreement to pay such interest in all events, but only in case of default. See Tallman v. Truesdell, 3 Wis. 443; also, Hawley v. Howell, 60 Iowa, 79, 14 N. W. 199.

The Supreme Court of Texas, in dealing with the subject of the highest rate allowed by law and stipulations to the effect that in case the interest is not paid at maturity the interest as well as the principal shall bear interest at the same rate, in the case of Crider v. San Antonio Real Estate, Bldg. & Loan Asso., 89 Tex. 597, 35 S. W. 1047, 1048, said: "But it is generally held that, even when the debt bears the highest interest allowed by law, a stipulation that in case it be not paid at maturity the interest, as well as the principal, shall bear interest at the same rate, is not usurious. The ruling is placed upon the ground that the debtor has it in his power to avoid the additional interest by paying the debt as it falls due. * * * Interest is the compensation paid for the use of money, and for the forbearance to sue. A contract for compounding interest upon a loan at the highest rate allowed by law is a contract for more interest than the law permits during the term of the forbearance. But a contract for the legal rate of interest during the time of the forbearance, and for interest upon interest there-

after, is not usurious, because the contract contemplates a continuance of the debt after maturity only through the default of the debtor. When the debt falls due, the creditor is as much entitled to his interest as to his principal, and if the parties have elected in good faith to provide for the default, and to agree that after maturity the interest shall bear interest, it is a contract for interest upon the forbearance of a new obligation which has accrued, and not a contract for additional interest upon the original principal."

See Bothwell v. Farmers' & Merchants' State Bank & Trust Co. of Rusk, Texas, 120 Tex. 1, 30 S. W. (2d) 289, 76 A. L. R. 1480, and annotations.

The promissory notes involved in the instant case seem well within the rule announced by the foregoing authorities. Ten per cent per annum being the highest rate allowed under our statutes and that being the maximum amount stipulated to be paid by the makers and indorsers, then even though by the provisions and stipulations contained within said promissory notes, the promisors and indorsers have obligated themselves to make payments of interest oftener than at the end of the interest year, yet the rate fixed at the time of the payment of the interest does not exceed the highest rate provided by statute and cannot therefore be considered usurious. When the debt or interest falls due, the creditor is as much entitled to his interest as he is to his principal when that falls due and with the specific provision that he is to pay interest, when the interest falls due, upon the interest so due, the past due interest is then an obligation and interest must therefore be computed thereupon according to the agreement within the note.

The provisions contained in the promissory notes before us to pay interest upon past due interest is comparable to a principal promissory note with interest coupons attached thereto which interest coupons bear interest if not paid when due. In other words, the language used in the promissory notes before us for the payment of interest upon past due interest is of like force and effect as though the makers had executed coupon notes attached to the original note for the payment of the various installments of interest and bearing interest after the installments expressed in the coupons fell due.

We have carefully reviewed the other assignments of error not hereinbefore specifically treated and feel that the same have

been sufficiently covered generally in the opinion dealing with the other assignments of error and that they could in no event change the results arrived at in this opinion. We believe the record fully warrants the findings, conclusions, and judgment in favor of the claimants.

The judgment and order appealed from are affirmed.

POLLEY, J., concurs.

RUDOLPH, P. J., and CAMPBELL and ROBERTS, JJ., concur in result.