# In Re LYNAM'S ESTATE

## CAREY, et al, Appellants, v. CODINGTON COUNTY, Respondent

(8 N. W.2d 857.)

(File No. 8565.   Opinion filed April 7, 1943.)

Case & Case, of Watertown, for Appellant.
Arthur R. Henrikson, of Watertown, for Respondent.

WARREN, J.   Codington County, South Dakota, attempted to present a claim on its behalf in the estate of Lawrence Lynam, deceased.   It appears from the stipulated facts and evidence that notice to creditors had been published requiring all persons having claims against the estate to present them with the necessary vouchers, within six months after the first publication of the notice, to the administrator at the law office of John N. Weber in the City of Watertown, Codington County, South Dakota.   The time for filing claims expired on the 12th day of December, 1926. The claim in question was handed to John N. Weber in his law office on the 7th day of December, 1926.   The administrator failed to take any action for the allowance or rejection of the claim.   Some thirteen years elapsed from the time of the presentation until the claim was filed in the office of the Clerk of Courts.   A new administrator was appointed.   A hearing was had in the County Court, the claim was rejected, and an appeal was made to the Circuit Court. The Circuit Court reversed the County Court, made Findings of Fact, Conclusions of Law, and a Judgment in favor of the County, from which an appeal to this Court was perfected.

There seems to be three questions presented for decision; the first involves the presentation of the claim, the second concerns the statute of limitations, and the third is proof necessary to establish the claim.

The notice indicates that there was a sufficient designation as to where the claim might be presented as

provided by § 3386, 1919 Rev. Code. The notice designated that claims should be presented to John Goggins, the administrator, at the law office of John N. Weber, in the City of Watertown, Codington County, South Dakota. The stipulation of facts shows that the claim was presented at that particular place before the expiration of the time for presentation or presenting claims. It seems manifest that the place the administrator designated in his notice should be understood as his place of business at least for the purpose of transacting the business of the estate. Roddan v. Doane, 92 Cal. 555, 28 P. 604; 34 C. J. S., Executors and Administrators § 409, p. 184; and Bollinger v. Manning, 79 Cal. 7, 21 P. 375.

Appellant contends that there were no vouchers accompanying the account. Our statutes, 1919 R. C. § 3386, § 3390, and § 3394, provide as follows:

"§ 3386. Notice to Creditors. Every executor or administrator must, immediately after his appointment, cause to be published in some newspaper of the county, if there be one, if not, then in such newspaper as may be designated by the court, a notice to the creditors of the decedent, requiring all persons having claims against him to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business, to be specified in the notice. * * *"

"§ 3390. Proof of Claims. Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant. Each claim must state the claimant's post-office address. The executor or administrator may also require satisfactory vouchers or proofs to be produced in

support of the claim. If the estate is insolvent, no greater rate of interest shall be allowed upon any claim after the first publication of notice to creditors, than is allowed by law on judgments obtained in the circuit court."

"§ 3394. Claims Filed in Court. If a claim is founded on a bond, bill, note, or any other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it is lost or destroyed, in which case the claimant must accompany his claim by his affidavit, containing a copy or particular description of such instrument and stating its loss or destruction. If the claim or any part thereof is secured by a mortgage or other lien which has been recorded or filed according to law in the office of the register of deeds of the county in which the land affected by it lies, it is sufficient to describe the mortgage or lien, and refer to the date of its filing, and volume and page of its record. If, in any case, the claimant has left any original voucher in the hands of the executor or administrator, or suffered the same to be filed in court, he may withdraw the same when a copy of the same has been already or is then attached to his claim. * * *"

We now proceed to the examination of the record as to the form and sufficiency of the claim and find that it was made by the County Auditor, who stated that he had knowledge of the facts and made the affidavit on behalf of the County. Also that it was presented in accordance with the resolution of the Board of County Commissioners. To the proof of claim there was attached Exhibit "A" which was an itemized statement of payments, expenses, and items of interest incurred by Codington County for the care of Lynam at the State Hospital for the Insane at Yankton, South Dakota from December 15, 1891, to December 7, 1926. This statement, Exhibit "A" attached to the claim was made by Codington County, South Dakota, by Thomas M. Spartz, Chairman of the Board of County Commissioners, under its seal. Under the evidence in the record presented, we believe that the form and contents of the claim are sufficient

to cover substantially all the statutory requirements in force at the time of the filing of the claim. It covers the statutory requirements quite concisely and gives sufficient information concerning the nature and amount of the demand as will enable the administrator to act intelligently in providing for its payment or in rejecting it, and shows that a liability exists on the part of the estate and in favor of the claimant County.

"While there are certain statutory requisites to be complied with in filing a claim, it is not contemplated that a claim filed need be set forth with the particularity of a formal complaint in a court of record. The statute does not contemplate that it shall be necessary to employ one learned in the law to prepare a claim to present to an administrator or executor. If from such claim filed the administrator or executor is fairly advised as to the claim and the nature thereof, and the claim is sufficient in its contents to stand as a bar to another claim for the same indebtedness, it is sufficient. This claim meets such requirements." In re Kirfel's Estate, 37 S. D. 292, 294, 157 N. W. 1057, 1058. 34 C. J. S., Executors and Administrators, § 417, subsec. b, p. 194.

■■ It would appear that the claim which had been presented to the administrator was permitted to lie dormant as no action with reference to allowing or rejecting it was ever made by the administrator. The administrator seems to have ignored § 3393, S. D. 1919 Rev. Code, not only as to the approving or rejecting the claim, but he also failed to make the report as required upon his action on claims and that no hearing was had in the County Court for the hearing of claims as provided by said section. The claimant, under the findings of the trial court, that it had timely presented its claim is therefore not chargeable with neglect in letting some thirteen years elapse from the time that the claim was presented to the administrator until final action was taken by the second administrator. The statute of limitations does not run against a claim during the period between its presentation and action thereon by the rep-

resentative. The statute of limitations tolls at the very moment the claim is presented and the time which the administrator or the Court consumes in considering the allowance or disallowance of the claim cannot be computed as a part of the time consumed or running under the statute of limitations. Nally v. McDonald, 66 Cal. 530, 6 P. 390; Scott Stamp & Coin Co. v. Leake, 9 Cal. App. 511, 99 P. 731; In re Robinson's Estate, 62 S. D. 39, 251 N. W. 300; Hewitt v. Beattie et al., 106 Conn. 602, 138 A. 795; Black v. Walker et al., 140 Fla. 48, 191 So. 25, and In re Estate of Smith (Lawton v. Newell), 218 Wis. 640, 261 N. W. 730, 100 A.L.R. 238; and see 34 C. J. S., Executors and Administrators, § 732, 238; and see 34 C. J. S., Executors and Administrators, § 72, subsec. d, (2), p. 749.

█ The appellant has challenged the sufficiency of the evidence to sustain the findings. We believe that under the evidence the Court had sufficient evidentiary facts before it to reach its decision in allowing the County's claim, and without further discussion as to the sufficiency of the evidence, we hereby affirm the Judgment appealed from. Other matters urged by appellant have been considered and are overruled without specific treatment.

All the Judges concur.